IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BARBARA MOHON § | |
| § | |
| Plaintiff, § | |
| § | No. _____ |
| § | |
| § | |
| AGENTRA, LLC, TRACYANN NICOLE § | |
| HAMILTON AND JANE DOES 1-10 § | |
| § | |
| Defendants. § | |

# NOTICE OF REMOVAL

Defendant Agentra, LLC ("Agentra"), by and through its undersigned attorneys, hereby files its Notice of Removal pursuant to 28 U.S.C. §§1331, 1332, 1441 and 1446, and in support thereof states the following:

1. Plaintiff Barbara Mohon ("Plaintiff" or "Mohon") filed her Complaint ("Complaint") (attached hereto as **Exhibit A**) in the First Judicial District Court, County of Santa Fe, State of New Mexico, as Cause No. D-101-CV-2018-02263 on August 1, 2018 (hereinafter, the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-CIV. 81.1(a), all process, pleadings, and orders from the State Court Action are attached hereto as **Exhibit B**.

3. In her Complaint, Plaintiff alleges that Defendant and/or its agents committed violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"); the New Mexico Unfair Practices Act; and various common law claims including nuisance, trespass to chattels, and civil conspiracy. *See* pg. 12-13 of Ex. A.

4.     There are two bases by which the State Court Action should be removed to this Court: (a) the action raises a federal question; and (b) there is diversity jurisdiction.

5.     First, a federal district court possesses original subject-matter jurisdiction over a case where the action raises a federal question arising from the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

6.     Plaintiff has asserted claims for alleged violations of the TPCA (*see* Ex. A ¶ 57-60), which is a federal statute, and it is undisputed that federal district courts have subject-matter jurisdiction to hear TCPA actions pursuant to 28 U.S.C. § 1331. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 132 S. Ct. 740 (2012). Accordingly, the State Court Action should be removed to this Court as it raises a federal question stemming from the TCPA.

7.     Second, a federal district court possesses original subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

8.     Defendant Agentra, LLC was served through its Registered Agent, Judge A. Platt, on August 30, 2018. *See* Summons served on Judge A. Platt dated August 30, 2018 attached hereto as **Exhibit C**; *see also* pg. 24 of Ex. B.

9.     Less than thirty days have passed since Defendant was served with a copy of the initial pleadings on this matter. Therefore, removal is timely. *See* 28 U.S.C. § 1446(b)(1).

10.    Upon information and belief, Defendant TracyAnn Nicole Hamilton ("Hamilton") has not been served. *See* pg. 41-42 of Ex. B.

11.    Pursuant to 28 U.S.C. § 1441(b)(2), removal based on diversity of citizenship requires that no properly joined and served party of interest be a citizen of the State in which the action is brought.

12. Plaintiff alleges that she is a resident of Santa Fe County, New Mexico (Ex. A ¶ 1) and has brought the State Court Action in the State of New Mexico.

13. Defendant Agentra is incorporated in Texas with its principal place of business in Texas. Defendant is not a citizen of the State of New Mexico. *See* Texas Secretary of State Corporation Details and Comptroller Franchise Tax Report attached hereto as **Exhibit D**; *see also* Ex. A ¶ 12.

14. Plaintiff alleges that Defendant Hamilton is a real person residing in Florida. *Id.* ¶ 13. Upon information and belief, Agentra agrees with that allegation.

15. The citizenships of Defendants Jane Doe 1-10 need not be considered since the "citizenship of defendants sued under fictitious names shall be disregarded." *See* 28 U.S.C. § 1441(b)(1).

16. Complete diversity of citizenship is present in this matter as Plaintiff is a New Mexico resident, Defendant Agentra is incorporated in Texas with its place of business in Texas, and Defendant Hamilton is a Florida resident. Accordingly, this case may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) and 1446.

17. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must also exceed the sum or value of $75,000.00, exclusive of interest and cost. 28 U.S.C. § 1332(a).

18. Defendant Agentra must show a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). As stated earlier, Plaintiff has brought claims for violations of the TCPA; the New Mexico Unfair Practices Act; and various common law claims including nuisance,

trespass to chattels, and civil conspiracy. In addition to actual damages arising from these claims, Plaintiff also seeks attorney fees and costs as well as exemplary and treble damages.

19. The TCPA provides $500 in statutory damages and $1,500 per willful violation. Plaintiff asserts in her complaint that she is entitled to $1,500 "for each and every [alleged] violation of the TCPA." Ex. A ¶ 60. Though Plaintiff does not quantify the number of calls she allegedly received in violation of TCPA, she asserts that Defendant and/or its agents "repeatedly" called Plaintiff in violation of the TCPA. *Id.* ¶ 58. Based on Plaintiff's allegations, it is reasonable to assume that Plaintiff seeks damages for tens of thousands of dollars just on her TCPA claims alone.

20. Plaintiff also seeks damages for violations of Section 22 of the New Mexico Unfair Practices Act, including statutory damages for each violation plus treble statutory damages as well as Plaintiff's attorney fees and costs.[1] *Id.* ¶ 65. Potential damages for violations of the New Mexico Unfair Practices Act as well as Plaintiff's attorneys' fees and costs are also likely to add up to tens of thousands of dollars, in addition to thousands of dollars for pre-judgment interest.

21. Lastly, Plaintiff seeks damages for various common law claims including nuisance, trespass to chattels, and civil conspiracy, including all her actual damages or statutory damages and for an "amount of nominal plus exemplary damages sufficient to set an example and deter in the future conduct complained of by Defendants or others." *Id.* ¶ 62-64. It is reasonable to believe that Plaintiff's exemplary damages will exceed $75,000.00 on their own.

22. Based on the myriad claims asserted and potential damages and costs sought by Plaintiff, it is plausible, and likely, that the amount of controversy exceeds $75,000.00.

---

[1] Calculation of the amount in controversy includes attorney's fees. *See Miera v. Dairyland Ins. Co.*, No. 96-0136-M Civil, 1997 U.S. Dist. LEXIS 7757, at *3 (D.N.M. Feb. 28, 1997).

23. Consequently, all parties to this action are completely diverse in citizenship and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Accordingly, the State Court Action should be removed to this Court on the basis of diversity jurisdiction as well.

24. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiff on this date. Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently filing a Notice of Filing Notice of Removal in the State Court Action, a copy of which is attached hereto as **Exhibit E**. Defendant will file an answer in this Court pursuant to the Federal Rules of Civil Procedure.

25. A Civil Cover Sheet for this Court is attached hereto as **Exhibit F**.

26. WHEREFORE, Defendant Agentra respectfully requests that Cause No. D-101-CV-2018-02263 be removed from the First Judicial District Court, County of Santa Fe, State of New Mexico, to the United States District Court for the District of New Mexico.

Dated:  September 28, 2018	Respectfully submitted,


	*/s/ William S. Richmond*
	William S. Richmond
	Texas Bar. No 2406680
	PLATT CHEEMA RICHMOND PLLC
	1201 N. Riverfront Blvd., Suite 150
	Dallas, Texas 75307
	Telephone: (214) 559-2700
	Facsimile: (214) 559-4390
	Email: brichmond@pcrfirm.com
	*Subject to Pending Application*
	*for Admission Pro Hac Vice*


		-and-


	*/s/ Paul S. Grand*
	Paul S. Grand
	LAW OFFICE OF PAUL S. GRAND, P.A.
	460 St. Michaels Drive, Ste. 802
	Santa Fe, New Mexico 87505
	Telephone: (505) 989-9980
	Email: paul@grandlawfirm.net



	**COUNSEL FOR DEFENDANT**
	**AGENTRA, LLC**

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant hereby certifies that this pleading was served by electronic service on all counsel of record on September 28, 2018.

/s/ Paul S. Grand
Paul S. Grand

## SERVICE LIST

Sid Childress
PO Box 2327
Santa Fe, NM 87504
Telephone: (505) 433-9823
Email: childresslaw@hotmail.com