# EXHIBIT A

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/1/2018 5:05 PM
STEPHEN T. PACHECO
Michael Roybal

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

BARBARA MOHON.

        Plaintiff.

v.
                              case no. D-101-CV-2018-02263
                              **Case assigned to Mathew, Francis J.**

AGENTRA LLC. TRACYANN NICOLE
HAMILTON and Jane Does 1-10.

        Defendants.

## COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER

## PROTECTION ACT, THE UNFAIR PRACTICES ACT AND TORTS

TO THE HONORABLE COURT:

### Introduction

1.    Plaintiff Barbara Mohon ("Plaintiff") is a real person residing in Santa Fe County.
New Mexico who may be contacted through her undersigned attorney.

2.    Plaintiff brings this action in accordance with New Mexico state-law and the anti-
harrassment provisions of the Telephone Consumer Protection Act ("TCPA"). 47 U.S.C. §
227. a federal statute enacted in 1991 in response to widespread public outrage about the
proliferation of intrusive. nuisance telemarketing. *See Mims v. Arrow Fin. Servs.. LLC.* 132
S. Ct. 740. 745 (2012).

1

3.     The TCPA is designed to protect consumer privacy by prohibiting certain unsolicited, autodialed or pre-recorded message telemarketing calls, and to provide for transparency by requiring that telemarketers identify themselves and who they are calling for during the calls. Section 22 of the New Mexico Unfair Practices Act ("the UPA") is of similar design.

4.     The TCPA established the National Do-Not-Call Registry ("the Registry"). The Registry allows people to register their telephone numbers and thereby indicate their desire to NOT receive telephone solicitations. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

5.     The TCPA's implementing regulations, at 47 C.F.R. § 64.1200(b)(1), provide that

> All artificial or prerecorded voice telephone messages shall:   **(1)** At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call.   If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated[.]

6.     NMSA § 57-12-22 provides that

> A.  A person shall not utilize an automated telephone dialing or push-button or tone-activated address signaling system with a prerecorded message to solicit persons to purchase goods or services unless there is an established business relationship between the persons and the person being called consents to hear the prerecorded message.
> B.  It is unlawful under the Unfair Practices Act for a person to make a telephone solicitation for a purchase of goods or services:   (1) without disclosing within fifteen seconds of the time the person being called answers the name of the sponsor and the primary purpose of the contact[.]

7.     The TCPA provides a private right of action to receive $500 for each violation of the statute and its implementing regulations, which may be trebled by the Court for willful or knowing violations.   Liability is "per violation" (not "per call").   *See* 47 U.S.C. § 227(b)(3).

8.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and such calls can be costly and inconvenient.

9.     In 1991 when Congress passed the TCPA it made a finding that "more than 300,000 solicitors call more than 18,000,000 Americans every day". *FCC Report and Order 03-153, July 3, 2003, paras. 8 & 66*  (hereinafter "FCC 03"). As of FCC 03 "the number of **daily calls** [had] increased five fold (to an estimated **104 million**) due in part to the use of new technologies such as predictive dialers." *Id.*

10.     "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by" the FCC. *See Omnibus TCPA Order,* GC Docket 02-278, FCC 15-72, 2015 WL 4387780 ¶1 (July 10, 2015).

11.     The Omnibus TCPA Order of July 10, 2015 provides more detail at its paragraph 5:

> "Despite the Commission's efforts to protect consumers without inhibiting legitimate business communications, TCPA complaints as a whole are the largest category of informal complaints we receive. Between 2010 and 2012, consumer complaints about calls to wireless phones doubled, to an average of over 10,000 complaints per month in 2012. In 2013 and 2014, the Commission received roughly 5,000 or 6,000 such complaints per month, lower than in

3

2011 and 2012. but still a substantial monthly total that is persistently one of the top consumer concerns. The Federal Trade Commission (FTC) reports that it received "approximately 63.000 complaints about illegal robocalls each month" during the fourth quarter of 2009. but that "[b]y the fourth quarter of 2012. robocall complaints had peaked at more than 200,000 per month."

## the Defendants

12.    Agentra LLC ("Agentra") is a Texas limited liability company that may be served a Summons by delivery to its registered agent Judge A. Platt at 1201 N. Riverfront Blvd. #150, Dallas. Tx. 75207.

13.    Tracyann Nicole Hamilton ("Hamilton") is a real person residing in Florida who should be served a Summons at 7971 Riviera Blvd. #101 in Miramar, FL 33023 or wherever she may be located.

14.    Defendants Jane Does 1-10 are real persons who substantially directed. controlled and participated with Agentra and Hamilton in the telemarketing conspiracy described below that harassed Plaintiff.   Their identities and whereabouts will be discovered so that process can be duly served on them.

15.    Defendants operate and profit from a massive, nationwide robo-calling conspiracy designed to sell a type of discounted medical benefit plan Defendants imply in their robo-calls is comprehensive insurance.1

---

1 The products Defendants are telemarketing appear to be actually just mere limited benefit plans (not ACA-compliant).   See for example K. Lucia. J. Giovannelli, S. Corlette et al.. describing versions of these plans and how they undermine markets for affordable ACA-compliant comprehensive health insurance plans IN: "*State Regulation of Coverage Options outside the Affordable Care Act: Limiting the Risk to the Individual Market*". The Commonwealth Fund. March 2018.

## Jurisdiction and Venue

16.     Plaintiff and her telephone were physically located in Santa Fe at the time of the illegal telemarketing the subject of this Complaint that Defendants and/or their agents harassed her with. Thus venue is proper.

17.     Defendants do business within New Mexico because Defendants regularly, automatically, repeatedly telephone the telephones of New Mexico residents located within New Mexico for the purpose of advertising products and services to New Mexico residents. Agentra and Hamilton together market and sell products and services throughout the State of New Mexico. By directing telemarketing phone calls into the forum state, Defendants made themselves subject to the personal jurisdiction of the courts of the forum state.

18.     The TCPA was intended to give consumers re-dress even in state small claims courts. See again for example *Mims v. Arrow Fin. Servs., LLC,* supra, 132 S.Ct. at 745-751.   This Court has subject matter jurisdiction.

## The Illegal Phone Calls Defendants are Responsible For

19.     Plaintiff's telephone is a wireless cell phone assigned the number 505-501-3610.

20.     Defendants or their telemarketers have repeatedly called Plaintiff's cell phone number 505-501-3610 with the same standardized, scripted sales pitch.

21.     When Plaintiff answered their calls she was greeted by a pre-recorded message or artificial voice which sought to interest her in "health insurance". It was always the same identical message in all the calls.

22.     Plaintiff attempted to use a call-blocking feature on her cell phone to block Defendants' robo-calls, but Defendants evaded this cell-phone feature by using numerous

other phone numbers to send their robo-calls, so Plaintiff continued to be harassed by Defendants.

23.     Defendants' pre-recorded message gave Plaintiff an option to press a number on her phone's keypad to be placed on a do-not-call list.    After Plaintiff's phone's call-blocking feature did not stop Defendants. Plaintiff complied with the opt-out feature stated in Defendants' pre-recorded message but Defendants' calls did not stop.   Defendants' calls continued.

24.     Many of Defendants' calls Plaintiff did not answer, which resulted in Defendants' machines then repeatedly leaving this same, standardized, pre-recorded message on Plaintiff's phone's voice-mail:   "..... *hassle-free to sign up. We have pre-approvals ready in your area including Cigna, Blue Cross, Aetna, United and many more. Press 1 to get a hassle-free assessment or press 2 to be placed on our do-not-call list.    Thanks for your time and be healthy and blessed.*"    Plaintiff could not "press 2" to stop the calls when she received Defendants' standardized voice-mail message.

25.     Plaintiff answered one of Defendants' calls with the pre-recorded message then waited for a live telemarketer to come on the line.   "Tracy" came on the line, whereupon Plaintiff began asking questions about Defendants' telemarketing operations and also asked the telemarketer to send her an email.   As a result of these questions by Plaintiff. Tracy just hung up the phone.

26.     But before Plaintiff began asking Tracy questions Tracy did not like, before Tracy hung up the phone on Plaintiff after robo-calling her, Plaintiff asked for a separate number she could call back at.  Tracy gave Plaintiff the number "866-269-1877" which Tracy said was for

6

customer service.

27.     Plaintiff called 866-269-1877 and made a "do not call" request but Defendants' calls did not stop.  Defendants' call continued.

28.     Because Defendants' unlawful robo-calls continued, Plaintiff finally decided to listen to and comply with Defendants' scripted sales pitch.  Plaintiff did so solely for the purpose of trying to identify the parties who were responsible for repeatedly, illegally robo-calling her cell phone.

29.     Plaintiff was unable to receive from Defendants in any of their calls, any accurate identification or location information regarding Defendants, until this phone conversation between the parties described in paragraph 28 above.   The only way for Plaintiff to identify Defendants as the source of the robo-calls was that Defendants required her to purchase the alleged "health insurance" they were offering, during the telephone conversation itself, and by an actual ACH charge on her bank account.  After allowing the charge on her bank account, Plaintiff almost immediately began receiving texts, emails and paperwork from Defendants that clearly identified Agentra and Hamilton as the primary parties responsible for the robo-calls the subject of this Complaint.

30.     Serial robo-callers such as Defendants regularly fail and refuse to lawfully identify themselves during their telemarketing conspiracies because the primary method they use to avoid any adverse consequences for their intentional, unlawful conduct is their knowing use of even more unlawful conduct:  they fail and refuse to adequately identify themselves to the victims of their conduct.  *How can you sue someone if you can't accurately identify or locate them?*  For this reason the TCPA and New Mexico law (the UPA) have specific requirements

7

for telemarketers to adequately identify themselves and who they are calling for.

31.     The sponsors of Defendants' telemarketing calls were never identified within 15 seconds of Plaintiff answering the calls.

32.     Tellingly, after Plaintiff entered into the transaction with Defendants described in paragraphs 28-29 above, the standardized, identical robo-calls to her cell phone, described in paragraphs 20-27 above, ceased.

33.     The telephone interaction with Defendants described in paragraphs 28-29 above included a lengthy "enrollment" process by which Defendants were identified.   Plaintiff video and audio-recorded her cell phone and the entire conversation, which was over 30 minutes long.

### Agentra's and Hamilton's Direct or Vicarious Liability

34.     For more than 20 years the FCC has made clear that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

35.     The FCC confirmed this principle again in 2013 when it explained that a defendant "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).   Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability. *Id.* at 6586 ¶ 34.

8

36.     The FCC has instructed that defendants may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

37.     The FCC has rejected a narrow view of TCPA liability, including the assertion that liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Id.* at 6587 n. 107.

38.     Agentra and Hamilton are directly liable and responsible for the phone calls at issue because they actually made or initiated the calls to Plaintiff, or they substantially participated. Alternatively Defendants are vicariously liable for the conduct of Defendants Jane Does 1-10 because Defendants:

a)      authorized the phone calls;

b)      directly or indirectly controlled the persons who actually made or initiated the calls;

c)      allowed the telemarketers access to information and operating systems within Agentra's control for the purpose of selling goods and services;

d)      allowed the telemarketers to enter consumer information into Agentra's sales,

9

dialing or operational systems:

      e)      approved, wrote or reviewed the telemarketing sales script;   OR

      f)      Hamilton reasonably should have known or consciously avoided knowing that the actual telemarketers were violating the TCPA and Hamilton failed to take effective steps within her power to require compliance with the TCPA.

39.      Agentra markets its products and services via agency relationships with insurance brokers such as Hamilton.   For example, see Exhibit 1 hereto consisting of Agentra's own statements on its website promising its agents can "Make $100,000+ Your First Year".

40.      Hamilton is Agentra's authorized, apparent or ratification agent in the transaction that was made with Plaintiff.  Hamilton engaged the telemarketers that harassed Plaintiff and uses robo-calling generally to market Agentra's products and services.

41.      Agentra reasonably should have known or consciously avoided knowing that Hamilton was violating the TCPA and Agentra failed to take effective steps within its power to require compliance with the TCPA.

42.      Agentra ratified and affirmed the transaction with Plaintiff by immediately accepting its benefits.  During and immediately after the enrollment described in paragraphs 28, 29 and 33 above, Agentra began sending Plaintiff emails such as that attached as Exhibit 2 in support of this Complaint.

43.      As part of the enrollment process initiated by Defendants' unlawful robo-calling described above, Agentra gave Hamilton and the other Defendants access to information and systems within Agentra's exclusive control including:   access to detailed information regarding the nature and pricing of Agentra's products and services; the ability to enter

consumer information into Agentra's sales or customer systems; and authority to use Agentra's name, trade and service marks.

44.     Exhibit 3 hereto is a screenshot from the video-recording of Plaintiff's cell phone described at paragraph 33 above: *a text message received directly from Agentra during the telemarketing enrollment with Agentra's telemarketer agent.*

45.     Agentra delegated to Hamilton the ability to make a contract between Plaintiff and Agentra using parameters set by Agentra, including Agentra's absolute control over whether and under what circumstances it would accept Plaintiff or any other person as a customer.

### More Facts

46.     Plaintiff's cell phone number 505-501-3610 has at all relevant times been continuously listed on the National Do-Not-Call Registry ("the Registry").

47.     Telemarketers are required by law to subscribe to and comply with the Registry.

48.     As evidenced by the initial fact that Plaintiff's phone number at all relevant times has been continuously listed on the Registry, Defendants could not care less that any particular phone number may be listed on the Registry.

49.     Defendants use robo-calling because it allows for thousands of automated sales calls to be initiated in a very short period of time, but their sales representatives only need actually spend time on the phone with consumers who respond.   Defendants thereby selfishly and illegally shift the burden of aggravation and wasted time to the public at large and away from themselves where it belongs.

50.     Defendants' conduct directed at Plaintiff in New Mexico is knowing, willful, wanton, reckless, intentional and/or grossly negligent.

51.     Plaintiff has never consented to being auto-dialed or robo-called or to having her privacy invaded and days disrupted by nuisance robot-callers trespassing on her phone.

52.     Plaintiff has never had any established business relationship with Defendants.

53.     Plaintiff has suffered concrete, particularized and de facto injury as a result of Defendants' conduct set forth above because she had her privacy invaded, was harassed, aggravated and was subjected to an obnoxious nuisance caused and created by Defendants.

54.     Defendants had the authority and responsibility to prevent or correct the unlawful telemarketing practices that are the subject of this Complaint.

55.     Defendants formulated, directed, controlled and participated in the unlawful telemarketing practices that are the subject of this Complaint.

56.     Defendants directly and personally participated in, ratified, directed and/or authorized the unlawful telemarketing practices that are the subject of this Complaint.

## FIRST CLAIM FOR RELIEF

### (Violations of the Telephone Consumer Protection Act)

57.     The foregoing acts and omissions of Defendants and/or their agents acting on their behalf constitute multiple violations of 47 U.S.C. § 227 and its implementing regulations.

58.     Defendants and/or their agents repeatedly called Plaintiff's phone to subject her to a pre-recorded message or artificial voice, then repeatedly failed and refused to promptly, properly identify themselves, then continued to robo-call and harass Plaintiff even after she made repeated, specific do-not-call requests.

59.     Plaintiff is entitled to and should be awarded against Defendant $500 in damages for each and every violation of the TCPA and its implementing regulations.

12

60.     Because Defendants' conduct set forth above and/or the conduct of their agents set forth above was knowing and/or willful. Plaintiff is entitled to and should be awarded treble damages of up to $1,500 for each and every violation of the TCPA and its implementing regulations.

## COMMON-LAW CLAIMS

61.     Defendants' unlawful behavior set forth above is a nuisance, harassment, trespass, aggravating waste of Plaintiff's time, and is intentional, willful, wanton, knowingly wrong, grossly negligent and/or reckless.

62.     Plaintiff hereby sues Defendants for nuisance and trespass to chattels.

63.     Plaintiff hereby sues Defendants for their civil conspiracy.

64.     Plaintiff should have and recover judgment against Defendants for all her actual damages or all her statutory damages, and for an amount of nominal plus exemplary damages sufficient to set an example and deter in the future the conduct complained of by Defendants or others.

## THIRD CLAIM FOR RELIEF

65.     Defendants repeatedly violated Section 22 of the New Mexico Unfair Practices Act ("the UPA") because their telemarketers repeatedly failed and refused to identify the sponsor of the calls to Plaintiff within 15 seconds of Plaintiff's answer.  Plaintiff hereby sues to recover Plaintiff's attorney fees and costs necessary for this matter and for her statutory damages for each violation, plus treble those statutory damages.

WHEREFORE, Plaintiff prays for entry of judgment for her actual, nominal or statutory and exemplary damages and for such other and further relief as the court deems just, proper and lawful including treble statutory damages. Plaintiff requests an award of her attorney fees and costs.

RESPECTFULLY SUBMITTED,

By:

Sid Childress, Lawyer
PO Box 2327
Santa Fe, NM 87504
childresslaw@hotmail.com
(505) 433 - 9823
Attorney for Plaintiff

14

# For Agents

- Your Efforts Are Rewarded
- Your Insights Are Recognized
- You Can Make $100,000+ Your First Year
- You Can Make A Difference In Someone's Life

Get Connected to Selling Insurance!

ACENTRA.COM /

FOR AGENTS

From: <memberservices@agentra.com>
Date: Mon, Jul 23, 2018 at 9:39 AM
Subject: Welcome to Agentra
To: barbararohon@gmail.com
Cc: Tracyann@oceanhamiltoninsurance.com

Thank you for choosing Agentra for your insurance needs. Below you will find a list of the plans you are enrolled in along with the monthly premium amount and next billing date. You will be receiving your ID Cards in the mail within 15 business days from your effective date.  Please note your credit card statement will reference our billing partner Innovative Health Insurance Partners.

To access your member profile; review your billing information; or to review product information go to

https://ua_rohman.com/agxmmaes

Your member id is **673764581**

Your member username is **673764581**

Your password is **Tdnb9m2e30**

EXHIBIT 2



Exh. 3

# EXHIBIT B

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/1/2018 5:05 PM
STEPHEN T. PACHECO
Michael Roybal

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

BARBARA MOHON,

        Plaintiff,

v.

AGENTRA LLC,  TRACYANN NICOLE
HAMILTON  and  Jane Does 1-10,

        Defendants.

case no. D-101-CV-2018-02263
Case assigned to Mathew, Francis J.

## COMPLAINT  FOR VIOLATIONS OF THE TELEPHONE CONSUMER

## PROTECTION ACT, THE UNFAIR PRACTICES ACT AND TORTS

TO THE HONORABLE COURT:

### Introduction

1.    Plaintiff Barbara Mohon ("Plaintiff") is a real person residing in Santa Fe County, New Mexico who may be contacted through her undersigned attorney.

2.    Plaintiff brings this action in accordance with New Mexico state-law and the anti-harrassment provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

3.     The TCPA is designed to protect consumer privacy by prohibiting certain unsolicited, autodialed or pre-recorded message telemarketing calls, and to provide for transparency by requiring that telemarketers identify themselves and who they are calling for during the calls. Section 22 of the New Mexico Unfair Practices Act ("the UPA") is of similar design.

4.     The TCPA established the National Do-Not-Call Registry ("the Registry"). The Registry allows people to register their telephone numbers and thereby indicate their desire to NOT receive telephone solicitations. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

5.     The TCPA's implementing regulations, at 47 C.F.R. § 64.1200(b)(1), provide that

> All artificial or prerecorded voice telephone messages shall: (1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated[.]

6.     NMSA § 57-12-22 provides that

> A. A person shall not utilize an automated telephone dialing or push-button or tone-activated address signaling system with a prerecorded message to solicit persons to purchase goods or services unless there is an established business relationship between the persons and the person being called consents to hear the prerecorded message.
> B. It is unlawful under the Unfair Practices Act for a person to make a telephone solicitation for a purchase of goods or services: (1) without disclosing within fifteen seconds of the time the person being called answers the name of the sponsor and the primary purpose of the contact[.]

7.    The TCPA provides a private right of action to receive $500 for each violation of the statute and its implementing regulations, which may be trebled by the Court for willful or knowing violations.  Liability is "per violation" (not "per call").  *See* 47 U.S.C. § 227(b)(3).

8.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and such calls can be costly and inconvenient.

9.    In 1991 when Congress passed the TCPA it made a finding that "more than 300,000 solicitors call more than 18,000,000 Americans every day".  *FCC Report and Order 03-153, July 3, 2003, paras. 8 & 66* (hereinafter "FCC 03").  As of FCC 03 "the number of **daily calls** [had] increased five fold (to an estimated **104 million**) due in part to the use of new technologies such as predictive dialers."  *Id.*

10.    "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by" the FCC. *See Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780 ¶1 (July 10, 2015).

11.    The Omnibus TCPA Order of July 10, 2015 provides more detail at its paragraph 5:

"Despite the Commission's efforts to protect consumers without inhibiting legitimate business communications, TCPA complaints as a whole are the largest category of informal complaints we receive. Between 2010 and 2012, consumer complaints about calls to wireless phones doubled, to an average of over 10,000 complaints per month in 2012. In 2013 and 2014, the Commission received roughly 5,000 or 6,000 such complaints per month, lower than in

2011 and 2012, but still a substantial monthly total that is persistently one of the top consumer concerns. The Federal Trade Commission (FTC) reports that it received "approximately 63,000 complaints about illegal robocalls each month" during the fourth quarter of 2009, but that "[b]y the fourth quarter of 2012, robocall complaints had peaked at more than 200,000 per month."

### the Defendants

12.     Agentra LLC ("Agentra") is a Texas limited liability company that may be served a Summons by delivery to its registered agent Judge A. Platt at 1201 N. Riverfront Blvd. #150, Dallas, Tx. 75207.

13.     Tracyann Nicole Hamilton ("Hamilton") is a real person residing in Florida who should be served a Summons at 7971 Riviera Blvd. #101 in Miramar, FL 33023 or wherever she may be located.

14.     Defendants Jane Does 1-10 are real persons who substantially directed, controlled and participated with Agentra and Hamilton in the telemarketing conspiracy described below that harassed Plaintiff. Their identities and whereabouts will be discovered so that process can be duly served on them.

15.     Defendants operate and profit from a massive, nationwide robo-calling conspiracy designed to sell a type of discounted medical benefit plan Defendants imply in their robo-calls is comprehensive insurance.[1]

---

1  The products Defendants are telemarketing appear to be actually just mere limited benefit plans (not ACA-compliant). See for example K. Lucia, J. Giovannelli, S. Corlette et al., describing versions of these plans and how they undermine markets for affordable ACA-compliant comprehensive health insurance plans IN: "*State Regulation of Coverage Options outside the Affordable Care Act: Limiting the Risk to the Individual Market*", The Commonwealth Fund, March 2018.

## Jurisdiction and Venue

16.     Plaintiff and her telephone were physically located in Santa Fe at the time of the illegal telemarketing the subject of this Complaint that Defendants and/or their agents harassed her with. Thus venue is proper.

17.     Defendants do business within New Mexico because Defendants regularly, automatically, repeatedly telephone the telephones of New Mexico residents located within New Mexico for the purpose of advertising products and services to New Mexico residents. Agentra and Hamilton together market and sell products and services throughout the State of New Mexico. By directing telemarketing phone calls into the forum state, Defendants made themselves subject to the personal jurisdiction of the courts of the forum state.

18.     The TCPA was intended to give consumers re-dress even in state small claims courts. See again for example *Mims v. Arrow Fin. Servs., LLC*, supra, 132 S.Ct. at 745-751.    This Court has subject matter jurisdiction.

## The Illegal Phone Calls Defendants are Responsible For

19.     Plaintiff's telephone is a wireless cell phone assigned the number 505-501-3610.

20.     Defendants or their telemarketers have repeatedly called Plaintiff's cell phone number 505-501-3610 with the same standardized, scripted sales pitch.

21.     When Plaintiff answered their calls she was greeted by a pre-recorded message or artificial voice which sought to interest her in "health insurance". It was always the same identical message in all the calls.

22.     Plaintiff attempted to use a call-blocking feature on her cell phone to block Defendants' robo-calls, but Defendants evaded this cell-phone feature by using numerous

other phone numbers to send their robo-calls, so Plaintiff continued to be harassed by Defendants.

23.     Defendants' pre-recorded message gave Plaintiff an option to press a number on her phone's keypad to be placed on a do-not-call list.   After Plaintiff's phone's call-blocking feature did not stop Defendants, Plaintiff complied with the opt-out feature stated in Defendants' pre-recorded message but Defendants' calls did not stop.   Defendants' calls continued.

24.     Many of Defendants' calls Plaintiff did not answer, which resulted in Defendants' machines then repeatedly leaving this same, standardized, pre-recorded message on Plaintiff's phone's voice-mail:   "..... *hassle-free to sign up. We have pre-approvals ready in your area including Cigna, Blue Cross, Aetna, United and many more. Press 1 to get a hassle-free assessment or press 2 to be placed on our do-not-call list.    Thanks for your time and be healthy and blessed."*    Plaintiff could not "press 2" to stop the calls when she received Defendants' standardized voice-mail message.

25.     Plaintiff answered one of Defendants' calls with the pre-recorded message then waited for a live telemarketer to come on the line.   "Tracy" came on the line, whereupon Plaintiff began asking questions about Defendants' telemarketing operations and also asked the telemarketer to send her an email.    As a result of these questions by Plaintiff, Tracy just hung up the phone.

26.     But before Plaintiff began asking Tracy questions Tracy did not like, before Tracy hung up the phone on Plaintiff after robo-calling her, Plaintiff asked for a separate number she could call back at.  Tracy gave Plaintiff the number "866-269-1877" which Tracy said was for

customer service.

27.     Plaintiff called 866-269-1877 and made a "do not call" request but Defendants' calls did not stop.  Defendants' call continued.

28.     Because Defendants' unlawful robo-calls continued, Plaintiff finally decided to listen to and comply with Defendants' scripted sales pitch.  Plaintiff did so solely for the purpose of trying to identify the parties who were responsible for repeatedly, illegally robo-calling her cell phone.

29.     Plaintiff was unable to receive from Defendants in any of their calls, any accurate identification or location information regarding Defendants, until this phone conversation between the parties described in paragraph 28 above.   The only way for Plaintiff to identify Defendants as the source of the robo-calls was that Defendants required her to purchase the alleged "health insurance" they were offering, during the telephone conversation itself, and by an actual ACH charge on her bank account.  After allowing the charge on her bank account, Plaintiff almost immediately began receiving texts, emails and paperwork from Defendants that clearly identified Agentra and Hamilton as the primary parties responsible for the robo-calls the subject of this Complaint.

30.     Serial robo-callers such as Defendants regularly fail and refuse to lawfully identify themselves during their telemarketing conspiracies because the primary method they use to avoid any adverse consequences for their intentional, unlawful conduct is their knowing use of even more unlawful conduct:  they fail and refuse to adequately identify themselves to the victims of their conduct.  *How can you sue someone if you can't accurately identify or locate them?*  For this reason the TCPA and New Mexico law (the UPA) have specific requirements

8

for telemarketers to adequately identify themselves and who they are calling for.

31.    The sponsors of Defendants' telemarketing calls were never identified within 15 seconds of Plaintiff answering the calls.

32.    Tellingly, after Plaintiff entered into the transaction with Defendants described in paragraphs 28-29 above, the standardized, identical robo-calls to her cell phone, described in paragraphs 20-27 above, ceased.

33.    The telephone interaction with Defendants described in paragraphs 28-29 above included a lengthy "enrollment" process by which Defendants were identified.    Plaintiff video and audio-recorded her cell phone and the entire conversation, which was over 30 minutes long.

### Agentra's and Hamilton's Direct or Vicarious Liability

34.    For more than 20 years the FCC has made clear that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

35.    The FCC confirmed this principle again in 2013 when it explained that a defendant "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).  Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability. *Id.* at 6586 ¶ 34.

36.    The FCC has instructed that defendants may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

37.    The FCC has rejected a narrow view of TCPA liability, including the assertion that liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Id.* at 6587 n. 107.

38.    Agentra and Hamilton are directly liable and responsible for the phone calls at issue because they actually made or initiated the calls to Plaintiff, or they substantially participated. Alternatively Defendants are vicariously liable for the conduct of Defendants Jane Does 1-10 because Defendants:

   a)    authorized the phone calls;

   b)    directly or indirectly controlled the persons who actually made or initiated the calls;

   c)    allowed the telemarketers access to information and operating systems within Agentra's control for the purpose of selling goods and services;

   d)    allowed the telemarketers to enter consumer information into Agentra's sales,

dialing or operational systems;

  e)  approved, wrote or reviewed the telemarketing sales script; OR

  f)  Hamilton reasonably should have known or consciously avoided knowing that the actual telemarketers were violating the TCPA and Hamilton failed to take effective steps within her power to require compliance with the TCPA.

39.  Agentra markets its products and services via agency relationships with insurance brokers such as Hamilton.   For example, see Exhibit 1 hereto consisting of Agentra's own statements on its website promising its agents can "Make $100,000+ Your First Year".

40.  Hamilton is Agentra's authorized, apparent or ratification agent in the transaction that was made with Plaintiff.   Hamilton engaged the telemarketers that harassed Plaintiff and uses robo-calling generally to market Agentra's products and services.

41.  Agentra reasonably should have known or consciously avoided knowing that Hamilton was violating the TCPA and Agentra failed to take effective steps within its power to require compliance with the TCPA.

42.  Agentra ratified and affirmed the transaction with Plaintiff by immediately accepting its benefits.   During and immediately after the enrollment described in paragraphs 28, 29 and 33 above, Agentra began sending Plaintiff emails such as that attached as Exhibit 2 in support of this Complaint.

43.  As part of the enrollment process initiated by Defendants' unlawful robo-calling described above, Agentra gave Hamilton and the other Defendants access to information and systems within Agentra's exclusive control including:   access to detailed information regarding the nature and pricing of Agentra's products and services; the ability to enter

consumer information into Agentra's sales or customer systems;   and authority to use Agentra's name, trade and service marks.

44.    Exhibit 3 hereto is a screenshot from the video-recording of Plaintiff's cell phone described at paragraph 33 above:   *a text message received directly from Agentra during the telemarketing enrollment with Agentra's telemarketer agent.*

45.    Agentra delegated to Hamilton the ability to make a contract between Plaintiff and Agentra using parameters set by Agentra, including Agentra's absolute control over whether and under what circumstances it would accept Plaintiff or any other person as a customer.

**More Facts**

46.    Plaintiff's cell phone number 505-501-3610 has at all relevant times been continuously listed on the National Do-Not-Call Registry ("the Registry").

47.    Telemarketers are required by law to subscribe to and comply with the Registry.

48.    As evidenced by the initial fact that Plaintiff's phone number at all relevant times has been continuously listed on the Registry, Defendants could not care less that any particular phone number may be listed on the Registry.

49.    Defendants use robo-calling because it allows for thousands of automated sales calls to be initiated in a very short period of time, but their sales representatives only need actually spend time on the phone with consumers who respond.   Defendants thereby selfishly and illegally shift the burden of aggravation and wasted time to the public at large and away from themselves where it belongs.

50.    Defendants' conduct directed at Plaintiff in New Mexico is knowing, willful, wanton, reckless, intentional and/or grossly negligent.

11

51.    Plaintiff has never consented to being auto-dialed or robo-called or to having her privacy invaded and days disrupted by nuisance robot-callers trespassing on her phone.

52.    Plaintiff has never had any established business relationship with Defendants.

53.    Plaintiff has suffered concrete, particularized and de facto injury as a result of Defendants' conduct set forth above because she had her privacy invaded, was harassed, aggravated and was subjected to an obnoxious nuisance caused and created by Defendants.

54.    Defendants had the authority and responsibility to prevent or correct the unlawful telemarketing practices that are the subject of this Complaint.

55.    Defendants formulated, directed, controlled and participated in the unlawful telemarketing practices that are the subject of this Complaint.

56.    Defendants directly and personally participated in, ratified, directed and/or authorized the unlawful telemarketing practices that are the subject of this Complaint.

## FIRST CLAIM FOR RELIEF

### (Violations of the Telephone Consumer Protection Act)

57.    The foregoing acts and omissions of Defendants and/or their agents acting on their behalf constitute multiple violations of 47 U.S.C. § 227 and its implementing regulations.

58.    Defendants and/or their agents repeatedly called Plaintiff's phone to subject her to a pre-recorded message or artificial voice, then repeatedly failed and refused to promptly, properly identify themselves, then continued to robo-call and harass Plaintiff even after she made repeated, specific do-not-call requests.

59.    Plaintiff is entitled to and should be awarded against Defendant $500 in damages for each and every violation of the TCPA and its implementing regulations.

60.    Because Defendants' conduct set forth above and/or the conduct of their agents set forth above was knowing and/or willful, Plaintiff is entitled to and should be awarded treble damages of up to $1,500 for each and every violation of the TCPA and its implementing regulations.

## COMMON-LAW CLAIMS

61.    Defendants' unlawful behavior set forth above is a nuisance, harassment, trespass, aggravating waste of Plaintiff's time, and is intentional, willful, wanton, knowingly wrong, grossly negligent and/or reckless.

62.    Plaintiff hereby sues Defendants for nuisance and trespass to chattels.

63.    Plaintiff hereby sues Defendants for their civil conspiracy.

64.    Plaintiff should have and recover judgment against Defendants for all her actual damages or all her statutory damages, and for an amount of nominal plus exemplary damages sufficient to set an example and deter in the future the conduct complained of by Defendants or others.

## THIRD CLAIM FOR RELIEF

65.    Defendants repeatedly violated Section 22 of the New Mexico Unfair Practices Act ("the UPA") because their telemarketers repeatedly failed and refused to identify the sponsor of the calls to Plaintiff within 15 seconds of Plaintiff's answer.   Plaintiff hereby sues to recover Plaintiff's attorney fees and costs necessary for this matter and for her statutory damages for each violation, plus treble those statutory damages.

WHEREFORE, Plaintiff prays for entry of judgment for her actual, nominal or statutory and exemplary damages and for such other and further relief as the court deems just, proper and lawful including treble statutory damages. Plaintiff requests an award of her attorney fees and costs.

RESPECTFULLY SUBMITTED,

By:

Sid Childress, Lawyer
PO Box 2327
Santa Fe, NM 87504
childresslaw@hotmail.com
(505) 433 - 9823
Attorney for Plaintiff

14

# For Agents

A wealth of products for health, life, insurance benefits that you can sell alongside your personal products. You will have access to these benefits when you are contracted with us, ready to explode your overall product revenue.

- You Can Make A Difference in Someone's Life
- You Can Make $100,000+ Your First Year
- Your Insights Are Recognized
- Your Efforts Are Rewarded

Get Contracted to Sell Our Products !

AGENTRA.com /

FOR AGENTS

From: <memberservices@agentra.com>
Date: Mon, Jul 23, 2018 at 9:39 AM
Subject: Welcome to Agentra
To: barbaramohon@gmail.com
Cc: Tracyann@deanhamiltoninsurance.com

Your Cards Are On The Way!



Dear Barbara J. Mohon

Thank you for choosing Agentra for your insurance needs. Below you will find a list of the plans you are enrolled in along with the monthly premium amount and next billing date. You will be receiving your ID Cards in the mail within 15 business days from your effective date.  Please note your credit card statement will reference our billing partner Innovative Health Insurance Partners.

Membership Information & Login

To access your member profile; review your billing information; or to review product information go to

https://1enrollment.com/agmembers

Your member id is **673764581**

Your member username is **673764581**

Your password is **Tdnb9m2e30**

*EXHIBIT 2*

17



EXH. 3

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/2/2018 1:43 PM
STEPHEN T. PACHECO
Jennifer Romero

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

BARBARA MOHON,

               Plaintiff,

v.                            case no.  D101-CV-2018-02263

AGENTRA LLC, TRACYANN NICOLE
HAMILTON and Jane Does 1-10,

               Defendants.

## REQUEST FOR JURY

Plaintiff hereby requests trial by 6-person jury and tenders her jury fee herewith.

                            RESPECTFULLY SUBMITTED,

By:    /s/ Sid Childress

           Sid Childress, Lawyer
           PO Box 2327
           Santa Fe, NM 87504
           childresslaw@hotmail.com
           (505) 433 - 9823
           Attorney for Plaintiff

1

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/2/2018 1:43 PM
STEPHEN T. PACHECO
Jennifer Romero

| SUMMONS | |
|---|---|
| **First Judicial District Court**<br>Santa Fe County, New Mexico<br>225 Montezuma Ave<br>Santa Fe, NM 87501<br>**Court Telephone: (505) 455 - 8250** | Case Number: D101-CV-2018-02263<br><br>Judge:    Hon. Francis J. Mathew |
| Plaintiff:   Barbara Mohon<br>v.<br>Defendants:  Agentra LLC, Tracyann Nicole Hamilton and Jane Does 1-10 | Defendant name:  AGENTRA LLC<br><br>Address:       c/o your Registered Agent - Judge A. Platt at  1201 N. Riverfront Blvd #150, Dallas, Tx. 75207 |

### TO THE ABOVE NAMED DEFENDANT: Take notice that:

**1.**     A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**     You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA).  The Court's address is listed above.

**3.**     You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.**     You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**     If you need an interpreter, you must ask for one in writing.

**7.**     You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this  2      day of  August, 2018

STEPHEN T. PACHECO
CLERK OF COURT

By: _____
        Deputy

/s/ Sid Childress

_____
Sid Childress, Lawyer
PO Box 2327
Santa Fe, NM 87504
505-433-9823
Attorney for Plaintiff

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF                    )ss
COUNTY OF              )

I, being duly sworn on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, 2018, by delivering a copy of this summons, with a copy of the Complaint and Request for Jury  attached, in the following manner:  **(check one box and fill in appropriate blanks)**

Describe:

_____

_____

[]     to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

_____     Fees: _____
Signature of person making service

Subscribed and sworn to before me this _____ day of _____, 2018

_____     _____
Judge, notary or other officer authorized to administer oaths        Official Title

| SUMMONS | |
|---|---|
| **First Judicial District Court**<br>Santa Fe County, New Mexico<br>225 Montezuma Ave<br>Santa Fe, NM 87501<br>**Court Telephone: (505) 455 - 8250** | Case Number: D101-CV-2018-02263<br><br>Judge:   Hon. Francis J. Mathew |
| Plaintiff:   Barbara Mohon<br>v.<br>Defendants:  Agentra LLC, Tracyann Nicole Hamilton and Jane Does 1-10 | Defendant name:   TRACYANN NICOLE HAMILTON<br><br>Address:       7971 Riviera Blvd #101, Miramar, FL 33023 |

### TO THE ABOVE NAMED DEFENDANT: Take notice that:

1.      A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.      You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this  2   day of  August, 2018

STEPHEN T. PACHECO
CLERK OF COURT                                    /s/ Sid Childress

By: _____
        Deputy

Sid Childress, Lawyer
PO Box 2327
Santa Fe, NM 87504
505-433-9823
Attorney for Plaintiff

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF                    )ss
COUNTY OF                   )

I, being duly sworn on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, 2018, by delivering a copy of this summons, with a copy of the Complaint and Request for Jury attached, in the following manner:  **(check one box and fill in appropriate blanks)**

Describe:

_____

_____

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

_____          Fees: _____
Signature of person making service

Subscribed and sworn to before me this _____ day of _____, 2018

_____          _____
Judge, notary or other officer authorized to administer oaths          Official Title

23
FILED IN MY OFFICE
DISTRICT COURT CLERK
9/9/2018 1:51 PM
STEPHEN T. PACHECO
Angelica Gonzalez

DISTRICT COURT CLERK
STEPHEN T. PACHECO
Jennifer Romo



| SUMMONS | |
|---|---|
| **First Judicial District Court**<br>Santa Fe County, New Mexico<br>225 Montezuma Ave<br>Santa Fe, NM 87501<br>**Court Telephone:** (505) 455 - 8250 | Case Number: D101-CV-2018-02263<br><br>Judge:   Hon. Francis J. Mathew |
| Plaintiff:   Barbara Mohon<br>v.<br>Defendants:  Agentra LLC, Tracyann Nicole Hamilton and Jane Does 1-10 | Defendant name:  AGENTRA LLC<br><br>Address:      c/o your Registered Agent -<br>Judge A. Platt at  1201 N. Riverfront Blvd<br>#150, Dallas, Tx. 75207 |

### TO THE ABOVE NAMED DEFENDANT: Take notice that:

1.     A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.     You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.

3.     You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.     You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.     If you need an interpreter, you must ask for one in writing.

7.     You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this _2_ day of August, 2018

STEPHEN T. PACHECO
CLERK OF COURT

By: _Jennifer Romo_
        Deputy

/s/ Sid Childress

Sid Childress, Lawyer
PO Box 2327
Santa Fe, NM 87504
505-433-9823
Attorney for Plaintiff

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

24

**RETURN**

STATE OF *TEXAS*           )ss
COUNTY OF *DALLAS*        )

I, being duly sworn on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in *Dallas* county on the *30* day of *August*, 2018, by delivering a copy of this summons, with a copy of the Complaint and Request for Jury attached, in the following manner: **(check one box and fill in appropriate blanks)**

Describe:

_____

_____

[✗] to the defendant *Judge A. Platt* *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

@ 1201 N. Riverfront Blvd     301 pm
Dallas, Tx 75207

_____  #518          Fees: $80.00
Signature of person making service

Subscribed and sworn to before me this *5th* day of *September*, 2018

_____          _____
Judge, notary or other officer authorized to administer oaths          Official Title



Rocio Chavez Gaona
My Commission Expires
07/14/2021
ID No. 128957024

BETH VILLARREAL, CONSTABLE PCT 5
DALLAS COUNTY, TEXAS

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/9/2018 1:51 PM
STEPHEN T. PACHECO
Angelica Gonzalez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

BARBARA MOHON,

          Plaintiff,

v.                              case no.  D101-CV-2018-02263

AGENTRA LLC, TRACYANN NICOLE
HAMILTON and Jane Does 1-10,

          Defendants.

## MOTION FOR ALTERNATE SERVICE OF PROCESS ON
## DEFENDANT TRACYANN NICOLE HAMILTON

TO THE HONORABLE COURT:

       Due to the nature of this motion undersigned has not sought concurrence of the Defendant.

       As set forth in detail in Plaintiff's Complaint on file, Defendant Tracyann Nicole Hamilton conspired with the other Defendants to repeatedly harass Plaintiff with their illegal robo-calls.  Now that Plaintiff has discovered her identity and location, Defendant evades service of process.

       Undersigned has engaged a professional process server to attempt service of process in this case.  A true copy of Aallen Bryant's Affidavit of Service and Invoice is attached hereto as Exhibits 1 & 2 in support of this motion.  The process server reports that at the location for

service he must speak to the occupants of the business location for service on Defendant, through an intercom system at the door - they will allow no other access.

Readily available public information from the State of Florida confirms that Defendant Tracyann Nicole Hamilton is a licensed Florida insurance broker.  Exhibit 3 hereto.

Readily available public information from the State of Florida also confirms that the address at which the process server has attempted to personally hand the Summons and Complaint in this matter to Defendant, is the address she has stated is her current principal place of business.  Exhibit 4 hereto.

**Substantial evidence indicates Ms. Hamilton in fact receives actual knowledge of papers delivered to or posted at 7971 Riviera Blvd #101 in Miramar, Florida.**

Exhibit 2 to Plaintiff's Complaint on file also indicates that Defendant will receive actual notice of emails directed to:   Tracyann@deanhamiltoninsurance.com

NMRA 1.004(E) requires process be served "in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend."   The attached exhibits satisfy the requirements of Rule 1.004(J) because they show Defendant Tracyann Nicole Hamilton is evading personal service or hand-delivery of the Court's Summons.

The Affidavit of Service attached hereto arguably proves Plaintiff has afforded Defendant all the due process she is entitled to.   But out of caution Plaintiff requests the Court approve the following method of additional service of process, which is reasonably calculated under the circumstances to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend:

1.      The process server shall make another attempt at personal service or hand-delivery of the Summons and Complaint in this matter on Defendant Tracyann Nicole Hamilton at 7971 Riviera Blvd #101 in Miramar, Florida.  If personal service is unsuccessful the process server shall leave the process with or hand the process to any person who appears to be in charge at 7971 Riviera Blvd #101 in Miramar, Florida, along with a copy of Plaintiff's Motion for Alternate Service and the Court's Order Authorizing Alternate Service of Process.   If the process server is unable to leave the process with or hand the process to any person who appears to be in charge at 7971 Riviera Blvd #101 in Miramar, Florida, the process server shall post the Summons and Complaint in this matter on a conspicuous place at the property, along with a copy of Plaintiff's Motion for Alternate Service and the Court's Order Authorizing Alternate Service of Process.

2.      Plaintiff's attorney shall also email the Summons, Plaintiff's Complaint, Plaintiff's Motion for Alternate Service of Process and the Court's Order Authorizing Alternate Service of Process, on two (2) separate occasions on two (2) separate days, to: Tracyann@deanhamiltoninsurance.com   Plaintiff's attorney shall thereafter file a Certificate of Service.

The foregoing described method of alternate service satisfies due process requirements. *Campbell v. Bartlett*, 975 F.2d 1569 (10th Cir. 1992).  Defendant should be required to answer or respond to this lawsuit within 30 days after this service of process, or be in default.

3

Actions to remedy invasions of privacy, intrusion upon seclusion, and nuisance have long been heard by American courts, and the right of privacy is recognized by most states. *Van Patten v. Vertical Fitness*, 847 F.3d 1037, 1043 (9th Cir. 2017)(citing Restatement (Second) of Torts § 652(B) (Am. Law Inst. 1977)). In enacting the TCPA, Congress made specific findings that "unrestricted telemarketing can be an intrusive invasion of privacy" and is a "nuisance." *Id.*; see also *Mims v. Arrow Fin. Servs., LLC* , 565 U.S. 368, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012). Congress sought to protect consumers from the unwanted intrusion and nuisance of unsolicited telemarketing phone calls. The session law for the TCPA itself stated: "Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id.*

The TCPA establishes the substantive right to be free from certain types of phone calls. By the TCPA Congress identified unsolicited contact as a concrete harm, and gave consumers a means to redress this harm. *Van Patten*, supra 847 F.3d at 1043. Unsolicited telemarketing phone calls invade the privacy and disturb the solitude of their recipients. *Id.* A plaintiff alleging a violation under the TCPA "need not allege any *additional* harm beyond the one Congress has identified." *Id.*

4

RESPECTFULLY SUBMITTED,

By:

Sid Childress, Lawyer
PO Box 2327
Santa Fe, NM 87504
childresslaw@hotmail.com
(505) 433 - 9823
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

There is presently no other party or person before the Court on whom service is required.

5

Aallen Bryant & Associates, Inc.
P.O. Box 3828
Orlando, FL 32802-3828
Phone: (407) 872-0560
Fax: (407) 872-1883
Tax I.D. 59-2983040

**INVOICE**



**AALLEN BRYANT**
&
**ASSOCIATES, INC.**
Litigation Support Specialists

Invoice #LAB-2018010829
9/6/2018



Sid Childress, Esq.
P.O. Box 2327
Santa Fe, NM 87504

**Case Number: D101-CV-2018-002263**

Plaintiff:
**Barbara Mohon**

Defendant:
**Agentra LLC, Tracyann Nicole Hamilton and Jane Does 1-10**

Received: 8/13/2018   Served: 8/24/2018 1:23 pm  POSTED - OTHER*
To be served on: Tracyann Nicole Hamilton

### ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Service Fee | 1.00 | 75.00 | 75.00 |
| Rush Fee (w/i 24 hrs) | 1.00 | 45.00 | 45.00 |
| TOTAL CHARGED: | | | $120.00 |

**BALANCE DUE:**                                                      **$120.00**

INVOICES ARE DUE UPON RECEIPT. LATE FEES OF $5.00 PER INVOICE PER MONTH ARE APPLIED TO ALL
INVOICES OVER 30 DAYS OLD. MONTHLY STATEMENTS INCLUDE ALL APPLICABLE LATE FEES.
In the event of collection, the attorney/client will be responsible for attorney fees and all costs incurred. Jurisdiction is vested
in Orange County, Florida.

MAJOR CREDIT CARDS ACCEPTED. A $4.00 CONVENIENCE FEE WILL BE APPLIED

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

## AFFIDAVIT OF SERVICE

### UNITED STATES DISTRICT COURT
District of New Mexico

Case Number: D101-CV-2018-002253

Plaintiff:
Barbara Mohon

vs.

Defendant:
Agentra LLC, Tracyann Nicole Hamilton and Jane Does 1-10

For:
Sid Childress, Esq.
P.O. Box 2327
Santa Fe, NM 87504

LAB2018010829

Received by Aallen Bryant & Associates, Inc. on the 13th day of August, 2018 at 4:00 pm to be served on **Tracyann Nicole Hamilton, 7971 Riviera Blvd #101, Miramar, FL 33023.**

I, Hector Castro, being duly sworn, depose and say that on the 24th day of August, 2018 at 1:23 pm, I:

**Posted by attaching a true copy of this Summons; Request for Jury; Complaint for Violations of The Telephone Consumer Protection Act, The Unfair Practices Act and Torts** with the date and hour of service endorsed thereon by me, to a conspicuous place on the property described.

**Additional Information pertaining to this Service:**

Posted per client instruction

8/14 @ 11:12 am Dean Hamilton Insurance company at this location Tracy not in maybe in after 2 pm but not sure she has no set time. 8/14 @ 2:15 pm Not in. 8/15 @ 10:58 am- Locked. Ring doorbell by front door, spoke to female through the ringdoor bell device stated Tracy is on vacation won't be back until after Monday. 8/21 @ 10:17 am - Spoke to another employee who state Tracy was terminated months ago, when ask why did someone else claim she's on vacation he basically stated that was a new employee. 8/21 @ 10:53 am - Per sales person claims that they are all 1099's employees and Tracy never comes in. 8/24 @ 1:23 pm - Posted

Under penalty of perjury, I declare that I have read the foregoing and that the facts stated in it are true and correct, that I am a Sheriff's Appointed process server in the county in which service was effected in accordance with Florida Statutes and I have no interest in the above action.

Subscribed and Sworn to before me on the 5th day of
September, 2018 by the affiant who is personally known
to me

NOTARY PUBLIC        ERIC DEAN
Notary Public - State of Florida
Commission # GG 182782
My Comm. Expires May 31, 2022
Bonded through National Notary Assn.

Hector Castro
SPS 287

Aallen Bryant & Associates, Inc.
P.O. Box 3828
Orlando, FL 32802
(407) 872-0560

Our Job Serial Number: LAB-2018010829

2

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V8.0g



**JIMMY PATRONIS**
**FLORIDA'S CHIEF FINANCIAL OFFICER**

Licensee Search | Licensee Address Download | Licensee Appointment Download | Terminated Appointment Download | Navigator Download

# Licensee Details

7/29/2018

**Demographic Information**

Name of Licensee: HAMILTON, TRACYANN NICOLE
License #: W170046
Business Location: MIRAMAR, FLORIDA

Types and Classes of Valid Licenses

| Type | Original Issue Date | Qualifying Appointment |
|------|---------------------|------------------------|
| LIFE INCL VARIABLE ANNUITY(0214) | 11/14/2013 | YES |
| GENERAL LINES (PROP & CAS)(0220) | 10/1/2014 | YES |
| HEALTH(0240) | 8/26/2015 | YES |

Types and Classes of Active Appointments

LIFE INCL VARIABLE ANNUITY(0214)

| Company Name | Original Issue Date | Exp Date | Type | County |
|--------------|---------------------|----------|------|--------|
| HUMANA HEALTH INSURANCE COMPANY OF FLORIDA, INC. | 7/2/2018 | 2/28/2021 | STATE | Broward |
| HUMANA INSURANCE COMPANY | 12/8/2015 | 2/29/2020 | STATE | Dade |
| S.USA LIFE INSURANCE COMPANY, INC. | 7/21/2017 | 2/29/2020 | STATE | Dade |

LIFE INCL VAR ANNUITY & HEALTH(0215)

| Company Name | Original Issue Date | Exp Date | Type | County |
|--------------|---------------------|----------|------|--------|
| AETNA LIFE INSURANCE COMPANY | 1/14/2016 | 2/29/2020 | STATE | Dade |
| USABLE LIFE | 9/13/2017 | 2/29/2020 | STATE | Dade |
| AMERICAN GENERAL LIFE INSURANCE COMPANY | 2/27/2017 | 2/28/2019 | STATE | Dade |
| AMERICAN HERITAGE LIFE INSURANCE COMPANY | 1/26/2017 | 2/28/2019 | STATE | Dade |

LIFE(0216)

| Company Name | Original Issue Date | Exp Date | Type | County |
|--------------|---------------------|----------|------|--------|
| STANDARD SECURITY LIFE INSURANCE | | | | |

3

33

## 2018 FLORIDA LIMITED LIABILITY COMPANY ANNUAL REPORT

DOCUMENT# L14000148002

Entity Name: DEAN-HAMILTON INSURANCE, LLC

**FILED**
**Jan 10, 2018**
**Secretary of State**
**CC4417207219**

**Current Principal Place of Business:**

7971 RIVIERA BLVD
SUITE 101
MIRAMAR, FL 33023

**Current Mailing Address:**

19821 NW 2ND AVENUE
SUITE 103
MIAMI GARDENS, FL 33169 US

**FEI Number:** 47-1892556

**Certificate of Status Desired:** Yes

**Name and Address of Current Registered Agent:**

HAMILTON, TRACYANN N
19821 NW 2ND AVE
103
MIAMI GARDENS, FL 33169 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:   TRACYANN NICOLE HAMILTON                                              01/10/2018

_____Electronic Signature of Registered Agent_____                                      Date

**Authorized Person(s) Detail :**

Title            MS.

Name         HAMILTON , TRACYANN N

Address      2735 NW 199 TERRACE

City-State-Zip:   MIAMI GARDENS FL 33056

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: TRACYANN HAMILTON                       OWNER                       01/10/2018

_____Electronic Signature of Signing Authorized Person(s) Detail_____                                      Date

*4*

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/9/2018 1:51 PM
STEPHEN T. PACHECO
Angelica Gonzalez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

BARBARA MOHON,

        Plaintiff,

v.                          case no.  D101-CV-2018-02263

AGENTRA LLC, TRACYANN NICOLE
HAMILTON and Jane Does 1-10,

        Defendants.

## **NOTICE OF COMPLETION OF BRIEFING**

TO THE HONORABLE COURT:

    Plaintiff's Motion for Alternate Service was filed on the same date as this notice.    There

is presently no party before the Court to file a response or opposition.    Briefing is complete on

the motion.

                         RESPECTFULLY SUBMITTED,

           By:    /s/ Sid Childress
                       _____
                       Sid Childress, Lawyer
                       PO Box 2327
                       Santa Fe, NM 87504
                       childresslaw@hotmail.com
                       (505) 433 - 9823
                       Attorney for Plaintiff

## CERTIFICATE OF SERVICE

There is presently no other party or person before the Court on whom service is required.

/s/ Sid Childress

_____

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/9/2018 1:51 PM
STEPHEN T. PACHECO
Angelica Gonzalez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

BARBARA MOHON,

               Plaintiff,

v.                                       case no.  D101-CV-2018-02263

AGENTRA LLC,  TRACYANN NICOLE
HAMILTON  and  Jane Does  1-10,

               Defendants.

## REQUEST FOR  HEARING

1.     Type of case:                    Civil - torts

2.     Judge to whom assigned:       Hon. Francis J. Mathew

3.     Judges disqualified:          none

4.     Hearings presently set and dates of settings:     none

5.     Specific matters to be heard:     MOTION FOR ALTERNATE  SERVICE

6.     Proposed time required for hearing all parties and witnesses:     10 minutes

7.     Concurrence of counsel as to need for hearing:     no

8.     Names  and  address of all counsel or parties *pro se* entitled to notice:

               Sid Childress
               PO Box  2327
               Santa Fe,  NM  87504
               childresslaw@hotmail.com
               Attorney for  Plaintiff

9.     Setting requested by:   Plaintiff


                              RESPECTFULLY SUBMITTED,

          By:     /s/ Sid Childress
                  _____
                  Sid Childress, Lawyer
                  PO Box 2327
                  Santa Fe, NM 87504
                  childresslaw@hotmail.com
                  (505) 433 - 9823
                  Attorney for Plaintiff


## CERTIFICATE OF SERVICE

There is presently no other party or person before the Court on whom service is required.


                  /s/ Sid Childress
                  _____

38   Route: _____

Rct. No. 219173   36 lpm

DISTRICT COURT CLE
8/2/2018 1:43 P
STEPHEN T. PACHEC
Jennifer Rome

Data Entry Clerk: _____

Ck. No. 1535

Disposition Clerk: _____

Pct. 5  80

010199

**SUMMONS**   Nilda Johnson

**First Judicial District Court**
Santa Fe County, New Mexico
225 Montezuma Ave
Santa Fe, NM 87501
**Court Telephone:** (505) 455 - 8250

Case Number: D101-CV-2018-02263

Judge:   Hon. Francis J. Mathew

Plaintiff:   Barbara Mohon
v.
Defendants:   Agentra LLC, Tracyann Nicole
Hamilton and Jane Does 1-10

Defendant name:   AGENTRA LLC

Address:   c/o your Registered Agent
Judge A. Platt at 1201 N. Riverfront Blvd
#150, Dallas, Tx. 75207

FILED FIRST JUDICIAL DISTRICT COURT
2018 SEP 28 PM 1:03

**TO THE ABOVE NAMED DEFENDANT:** Take notice that:

1.   A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.   You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.

3.   You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.   If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.   You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.   If you need an interpreter, you must ask for one in writing.

7.   You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this _2_ day of August, 2018

STEPHEN T. PACHECO
CLERK OF COURT

By: _____
Deputy

/s/ Sid Childress

Sid Childress, Lawyer
PO Box 2327
Santa Fe, NM 87504
505-433-9823
Attorney for Plaintiff

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF            )ss
COUNTY OF           )

I, being duly sworn on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _Dallas_ county on the _30_ day of _August_, 2018, by delivering a copy of this summons, with a copy of the Complaint and Request for Jury attached, in the following manner: **(check one box and fill in appropriate blanks)**

Describe:

_____

_____

[] to the defendant _Judge A. Platt_ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

@ 1201 N. Riverfront Blvd   301 pm
Dallas, Tx 75207

_Edward Antuna #518_          Fees: _$ 80 00_
Signature of person making service

Subscribed and sworn to before me this _5th_ day of _September_, 2018

_Irene Oliver Lana_                     _Notary_
Judge, notary or other officer authorized to administer oaths      Official Title

BETH VILLARREAL, CONSTABLE **PCT 5**
DALLAS COUNTY, TEXAS



Rocio Chavez Gaona
My Commission Expires
07/14/2021
ID No. 126957024

# from - Sid Childress, Lawyer

PO Box 2327
Santa Fe, NM 87504

tel. (505) 433 - 9823
childresslaw@hotmail.com

August 3, 2018
via regular mail

attn:   Constable, Precinct 5
410 S. Beckley Ave.
Dallas, Tx. 75203
214-943-1765

Re:   AGENTRA LLC   c/o   Judge A. Platt at 1201 N. Riverfront Blvd #150

Dear Sir:

Will you please serve the enclosed SUMMONS with attached COMPLAINT on the Defendant AGENTRA **by PERSONAL SERVICE** on the REGISTERED AGENT - **Judge A. Platt at 1201 N. Riverfront Blvd. #150**, Dallas, Tx. 75207 or wherever he can be located?

After service is made please send me a NOTARIZED RETURN OF SERVICE, Declaration or other Proof of Service in the envelope provided.  Your fee in the amount of $80.00 is also enclosed   (Operating Acct. check # 1535) made payable to Dallas County.

If you have any difficulty effecting personal service, please call me to discuss a substitute service.

Thank you.

Very Truly,

Sid Childress

copy to:  - file

1

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/14/2018 9:30 AM
STEPHEN T. PACHECO
Gloria Landír

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

BARBARA MOHON,

           Plaintiff,

v.                                    case no.   D101-CV-2018-02263

AGENTRA LLC,  TRACYANN NICOLE
HAMILTON  and  Jane Does 1-10,

           Defendants.

### ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS

The Court has reviewed Plaintiff's Motion for Alternate Service of Process on Defendant

Tracyann Nicole Hamilton. Based on the exhibits and attachments to the motion the Court finds

substantial evidence that Defendant's place of business is 7971 Riviera Blvd #101 in Miramar,

Florida but she has evaded personal service of process there. The Court GRANTS the motion.

The Court finds that the alternate method of service of process authorized by this Order is

reasonably calculated under all the circumstances to apprise Defendant Tracyann Nicole

Hamilton of the existence and pendency of this action and to afford her a reasonable opportunity

to appear and defend. Service of process on Defendant Tracyann Nicole Hamilton in this case

may be accomplished as follows:

1.     The process server shall make another attempt at personal service or hand-

delivery of the Summons and Complaint in this matter on Defendant Tracyann Nicole Hamilton

at 7971 Riviera Blvd #101 in Miramar, Florida. If personal service is unsuccessful the process server shall leave the process with or hand the process to any person who appears to be in charge at 7971 Riviera Blvd #101 in Miramar, Florida, along with a copy of Plaintiff's Motion for Alternate Service and this the Court's Order Authorizing Alternate Service of Process. If the process server is unable to leave the process with or hand the process to any person who appears to be in charge at 7971 Riviera Blvd #101 in Miramar, Florida, the process server shall post the Summons and Complaint in this matter on a conspicuous place at the property, along with a copy of Plaintiff's Motion for Alternate Service and the Court's Order Authorizing Alternate Service of Process.

2.      Plaintiff's attorney shall also email the Summons, Plaintiff's Complaint, Plaintiff's Motion for Alternate Service of Process and the Court's Order Authorizing Alternate Service of Process, on two (2) separate occasions on two (2) separate days, to: Tracyann@deanhamiltoninsurance.com   Plaintiff's attorney shall thereafter file a Certificate of Service.

Defendant Tracyann Nicole Hamilton shall answer or respond to this lawsuit within 30 days after the service of process authorized herein, or she shall be in default and Plaintiff may move for default judgment.   IT IS SO ORDERED.


HON. FRANCIS J. MATHEW
District Judge Presiding

Form of Order submitted by:

/s/  Sid  Chldress

_____

Sid Childress, Lawyer
PO  Box  2327
Santa  Fe,  NM  87504
(505) 433 - 9823
childresslaw@hotmail.com
Attorney for Plaintiff

# EXHIBIT C

DISTRICT COURT CLE
8/2/2018 1:43 P
STEPHEN T. PACHEC
Jennifer Rome

*[handwritten:] August 30, 2018 3:01 pm Atty #818*

| SUMMONS | |
|---|---|
| **First Judicial District Court**<br>Santa Fe County, New Mexico<br>225 Montezuma Ave<br>Santa Fe, NM 87501<br>**Court Telephone:** (505) 455 - 8250 | Case Number: D101-CV-2018-02263<br><br>Judge:    Hon. Francis J. Mathew |
| Plaintiff:    Barbara Mohon<br>v.<br>Defendants:  Agentra LLC, Tracyann Nicole<br>Hamilton and Jane Does 1-10 | Defendant name:  AGENTRA LLC<br><br>Address:        c/o your Registered Agent -<br>Judge A. Platt at 1201 N. Riverfront Blvd<br>#150, Dallas, Tx. 75207 |

### TO THE ABOVE NAMED DEFENDANT: Take notice that:

**1.**     A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**     You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA).  The Court's address is listed above.

**3.**     You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.**     You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**     If you need an interpreter, you must ask for one in writing.

**7.**     You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this  2   day of August, 2018

STEPHEN T. PACHECO
CLERK OF COURT                                    /s/ Sid Childress

By: *[signature]* Jennifer Rome
      Deputy

*[court seal: FIRST JUDICIAL DISTRICT COURT · STATE OF NEW MEXICO]*

Sid Childress, Lawyer
PO Box 2327
Santa Fe, NM 87504
505-433-9823
Attorney for Plaintiff

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES
OF CIVIL PROCEDURE FOR DISTRICT COURTS.

DISTRICT COURT CLEI
8/2/2018 1:43 F
STEPHEN T. PACHE(
Jennifer Rome

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT


BARBARA MOHON,

        Plaintiff,

v.                         case no.   D101-CV-2018-02263

AGENTRA LLC, TRACYANN NICOLE
HAMILTON and Jane Does 1-10,

        Defendants.


## <u>REQUEST FOR JURY</u>


    Plaintiff hereby requests trial by 6-person jury and tenders her jury fee herewith.



                RESPECTFULLY SUBMITTED,

By:    /s/ Sid Childress
                _____
                Sid Childress, Lawyer
                PO Box 2327
                Santa Fe, NM 87504
                childresslaw@hotmail.com
                (505) 433 - 9823
                Attorney for Plaintiff

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/1/2018 5:05 PM
STEPHEN T. PACHECO
Michael Roybal

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT


BARBARA MOHON.

　　　　　　　　Plaintiff.

v.　　　　　　　　　　　　　　　　　　case no. D-101-CV-2018-02263
　　　　　　　　　　　　　　　　　　Case assigned to Mathew, Francis J.
AGENTRA LLC. TRACYANN NICOLE
HAMILTON and Jane Does 1-10.

　　　　　　　　Defendants.


## COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER

## PROTECTION ACT, THE UNFAIR PRACTICES ACT AND TORTS


TO THE HONORABLE COURT:

### Introduction

1.　　　Plaintiff Barbara Mohon ("Plaintiff") is a real person residing in Santa Fe County.

New Mexico who may be contacted through her undersigned attorney.

2.　　　Plaintiff brings this action in accordance with New Mexico state-law and the anti-

harrassment provisions of the Telephone Consumer Protection Act ("TCPA"). 47 U.S.C. §

227. a federal statute enacted in 1991 in response to widespread public outrage about the

proliferation of intrusive. nuisance telemarketing. *See Mims v. Arrow Fin. Servs.. LLC.* 132

S. Ct. 740, 745 (2012).

1

3.     The TCPA is designed to protect consumer privacy by prohibiting certain unsolicited, autodialed or pre-recorded message telemarketing calls, and to provide for transparency by requiring that telemarketers identify themselves and who they are calling for during the calls. Section 22 of the New Mexico Unfair Practices Act ("the UPA") is of similar design.

4.     The TCPA established the National Do-Not-Call Registry  ("the Registry").  The Registry allows people to register their telephone numbers and thereby indicate their desire to NOT receive telephone solicitations. *See* 47 C.F.R. § 64.1200(c)(2).  A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

5.     The TCPA's implementing regulations, at 47 C.F.R. § 64.1200(b)(1), provide that

> All artificial or prerecorded voice telephone messages shall:  **(1)** At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call.  If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated[.]

6.     NMSA § 57-12-22  provides that

> A.  A person shall not utilize an automated telephone dialing or push-button or tone-activated address signaling system with a prerecorded message to solicit persons to purchase goods or services unless there is an established business relationship between the persons and the person being called consents to hear the prerecorded message.
> B.  It is unlawful under the Unfair Practices Act for a person to make a telephone solicitation for a purchase of goods or services:  (1) without disclosing within fifteen seconds of the time the person being called answers the name of the sponsor and the primary purpose of the contact[.]

7.      The TCPA provides a private right of action to receive $500 for each violation of the statute and its implementing regulations. which may be trebled by the Court for willful or knowing violations.   Liability is "per violation" (not "per call").   *See* 47 U.S.C. § 227(b)(3).

8.      According to findings by the Federal Communication Commission ("FCC"). the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and such calls can be costly and inconvenient.

9.      In 1991 when Congress passed the TCPA it made a finding that "more than 300.000 solicitors call more than 18.000.000 Americans every day". *FCC Report and Order 03-153. July 3. 2003. paras. 8 & 66*  (hereinafter "FCC 03"). As of FCC 03 "the number of **daily calls** [had] increased five fold (to an estimated **104 million**) due in part to the use of new technologies such as predictive dialers." *Id.*

10.      "Month after month, unwanted robocalls and texts, both telemarketing and informational. top the list of consumer complaints received by" the FCC. *See Omnibus TCPA Order*. GC Docket 02-278. FCC 15-72. 2015 WL 4387780 ¶1 (July 10. 2015).

11.      The Omnibus TCPA Order of July 10. 2015 provides more detail at its paragraph 5:

>        "Despite the Commission's efforts to protect consumers without inhibiting legitimate business communications. TCPA complaints as a whole are the largest category of informal complaints we receive. Between 2010 and 2012. consumer complaints about calls to wireless phones doubled, to an average of over 10.000 complaints per month in 2012. In 2013 and 2014. the Commission received roughly 5.000 or 6.000 such complaints per month, lower than in

2011 and 2012. but still a substantial monthly total that is persistently one of the top consumer concerns. The Federal Trade Commission (FTC) reports that it received "approximately 63.000 complaints about illegal robocalls each month" during the fourth quarter of 2009. but that "[b]y the fourth quarter of 2012. robocall complaints had peaked at more than 200,000 per month."

## the Defendants

12.      Agentra LLC ("Agentra") is a Texas limited liability company that may be served a Summons by delivery to its registered agent Judge A. Platt at 1201 N. Riverfront Blvd. #150, Dallas. Tx. 75207.

13.      Tracyann Nicole Hamilton ("Hamilton") is a real person residing in Florida who should be served a Summons at 7971 Riviera Blvd. #101 in Miramar, FL 33023 or wherever she may be located.

14.      Defendants Jane Does 1-10 are real persons who substantially directed. controlled and participated with Agentra and Hamilton in the telemarketing conspiracy described below that harassed Plaintiff.   Their identities and whereabouts will be discovered so that process can be duly served on them.

15.      Defendants operate and profit from a massive, nationwide robo-calling conspiracy designed to sell a type of discounted medical benefit plan Defendants imply in their robo-calls is comprehensive insurance.1

---

1  The products Defendants are telemarketing appear to be actually just mere limited benefit plans (not ACA-compliant).    See for example K. Lucia. J. Giovannelli, S. Corlette et al.. describing versions of these plans and how they undermine markets for affordable ACA-compliant comprehensive health insurance plans IN: "*State Regulation of Coverage Options outside the Affordable Care Act: Limiting the Risk to the Individual Market*". The Commonwealth Fund. March 2018.

**Jurisdiction and Venue**

16.    Plaintiff and her telephone were physically located in Santa Fe at the time of the illegal telemarketing the subject of this Complaint that Defendants and/or their agents harassed her with. Thus venue is proper.

17.    Defendants do business within New Mexico because Defendants regularly, automatically, repeatedly telephone the telephones of New Mexico residents located within New Mexico for the purpose of advertising products and services to New Mexico residents. Agentra and Hamilton together market and sell products and services throughout the State of New Mexico. By directing telemarketing phone calls into the forum state, Defendants made themselves subject to the personal jurisdiction of the courts of the forum state.

18.    The TCPA was intended to give consumers re-dress even in state small claims courts. See again for example *Mims v. Arrow Fin. Servs., LLC*, supra, 132 S.Ct. at 745-751.    This Court has subject matter jurisdiction.

**The Illegal Phone Calls Defendants are Responsible For**

19.    Plaintiff's telephone is a wireless cell phone assigned the number 505-501-3610.

20.    Defendants or their telemarketers have repeatedly called Plaintiff's cell phone number 505-501-3610 with the same standardized, scripted sales pitch.

21.    When Plaintiff answered their calls she was greeted by a pre-recorded message or artificial voice which sought to interest her in "health insurance". It was always the same identical message in all the calls.

22.    Plaintiff attempted to use a call-blocking feature on her cell phone to block Defendants' robo-calls, but Defendants evaded this cell-phone feature by using numerous

other phone numbers to send their robo-calls, so Plaintiff continued to be harassed by Defendants.

23.     Defendants' pre-recorded message gave Plaintiff an option to press a number on her phone's keypad to be placed on a do-not-call list.    After Plaintiff's phone's call-blocking feature did not stop Defendants. Plaintiff complied with the opt-out feature stated in Defendants' pre-recorded message but Defendants' calls did not stop.    Defendants' calls continued.

24.     Many of Defendants' calls Plaintiff did not answer, which resulted in Defendants' machines then repeatedly leaving this same, standardized, pre-recorded message on Plaintiff's phone's voice-mail:   *". . . . hassle-free to sign up. We have pre-approvals ready in your area including Cigna, Blue Cross, Aetna, United and many more. Press 1 to get a hassle-free assessment or press 2 to be placed on our do-not-call list.    Thanks for your time and be healthy and blessed."*    Plaintiff could not "press 2" to stop the calls when she received Defendants' standardized voice-mail message.

25.     Plaintiff answered one of Defendants' calls with the pre-recorded message then waited for a live telemarketer to come on the line.   "Tracy" came on the line, whereupon Plaintiff began asking questions about Defendants' telemarketing operations and also asked the telemarketer to send her an email.    As a result of these questions by Plaintiff. Tracy just hung up the phone.

26.     But before Plaintiff began asking Tracy questions Tracy did not like, before Tracy hung up the phone on Plaintiff after robo-calling her. Plaintiff asked for a separate number she could call back at.   Tracy gave Plaintiff the number "866-269-1877" which Tracy said was for

6

customer service.

27.     Plaintiff called 866-269-1877 and made a "do not call" request but Defendants' calls did not stop.  Defendants' call continued.

28.     Because Defendants' unlawful robo-calls continued, Plaintiff finally decided to listen to and comply with Defendants' scripted sales pitch.  Plaintiff did so solely for the purpose of trying to identify the parties who were responsible for repeatedly, illegally robo-calling her cell phone.

29.     Plaintiff was unable to receive from Defendants in any of their calls, any accurate identification or location information regarding Defendants, until this phone conversation between the parties described in paragraph 28 above.   The only way for Plaintiff to identify Defendants as the source of the robo-calls was that Defendants required her to purchase the alleged "health insurance" they were offering, during the telephone conversation itself, and by an actual ACH charge on her bank account.  After allowing the charge on her bank account, Plaintiff almost immediately began receiving texts, emails and paperwork from Defendants that clearly identified Agentra and Hamilton as the primary parties responsible for the robo-calls the subject of this Complaint.

30.     Serial robo-callers such as Defendants regularly fail and refuse to lawfully identify themselves during their telemarketing conspiracies because the primary method they use to avoid any adverse consequences for their intentional, unlawful conduct is their knowing use of even more unlawful conduct:  they fail and refuse to adequately identify themselves to the victims of their conduct.  *How can you sue someone if you can't accurately identify or locate them?*  For this reason the TCPA and New Mexico law (the UPA) have specific requirements

for telemarketers to adequately identify themselves and who they are calling for.

31.     The sponsors of Defendants' telemarketing calls were never identified within 15 seconds of Plaintiff answering the calls.

32.     Tellingly, after Plaintiff entered into the transaction with Defendants described in paragraphs 28-29 above, the standardized, identical robo-calls to her cell phone, described in paragraphs 20-27 above, ceased.

33.     The telephone interaction with Defendants described in paragraphs 28-29 above included a lengthy "enrollment" process by which Defendants were identified.   Plaintiff video and audio-recorded her cell phone and the entire conversation, which was over 30 minutes long.

### Agentra's and Hamilton's Direct or Vicarious Liability

34.     For more than 20 years the FCC has made clear that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

35.     The FCC confirmed this principle again in 2013 when it explained that a defendant "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).   Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability. *Id.* at 6586 ¶ 34.

36.   The FCC has instructed that defendants may not avoid liability by outsourcing

telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing
> activities to unsupervised third parties would leave consumers in many cases without
> an effective remedy for telemarketing intrusions. This would particularly be so if the
> telemarketers were judgment proof, unidentifiable, or located outside the United
> States, as is often the case. Even where third-party telemarketers are identifiable,
> solvent, and amenable to judgment limiting liability to the telemarketer that physically
> places the call would make enforcement in many cases substantially more expensive
> and less efficient, since consumers (or law enforcement agencies) would be required to
> sue each marketer separately in order to obtain effective relief. As the FTC noted,
> because "[s]ellers may have thousands of 'independent' marketers, suing one or a few
> of them is unlikely to make a substantive difference for consumer privacy."

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

37.   The FCC has rejected a narrow view of TCPA liability, including the assertion that

liability requires a finding of formal agency and immediate direction and control over the

third-party who placed the telemarketing call. *Id.* at 6587 n. 107.

38.   Agentra and Hamilton are directly liable and responsible for the phone calls at issue

because they actually made or initiated the calls to Plaintiff, or they substantially participated.

Alternatively Defendants are vicariously liable for the conduct of Defendants Jane Does 1-10

because Defendants:

    a)   authorized the phone calls;

    b)   directly or indirectly controlled the persons who actually made or initiated the

calls;

    c)   allowed the telemarketers access to information and operating systems within

Agentra's control for the purpose of selling goods and services;

    d)   allowed the telemarketers to enter consumer information into Agentra's sales,

dialing or operational systems:

  e)  approved, wrote or reviewed the telemarketing sales script;   OR

  f)  Hamilton reasonably should have known or consciously avoided knowing that the actual telemarketers were violating the TCPA and Hamilton failed to take effective steps within her power to require compliance with the TCPA.

39.  Agentra markets its products and services via agency relationships with insurance brokers such as Hamilton.   For example, see Exhibit 1 hereto consisting of Agentra's own statements on its website promising its agents can "Make $100,000+ Your First Year".

40.  Hamilton is Agentra's authorized, apparent or ratification agent in the transaction that was made with Plaintiff.  Hamilton engaged the telemarketers that harassed Plaintiff and uses robo-calling generally to market Agentra's products and services.

41.  Agentra reasonably should have known or consciously avoided knowing that Hamilton was violating the TCPA and Agentra failed to take effective steps within its power to require compliance with the TCPA.

42.  Agentra ratified and affirmed the transaction with Plaintiff by immediately accepting its benefits.  During and immediately after the enrollment described in paragraphs 28, 29 and 33 above, Agentra began sending Plaintiff emails such as that attached as Exhibit 2 in support of this Complaint.

43.  As part of the enrollment process initiated by Defendants' unlawful robo-calling described above, Agentra gave Hamilton and the other Defendants access to information and systems within Agentra's exclusive control including:   access to detailed information regarding the nature and pricing of Agentra's products and services; the ability to enter

consumer information into Agentra's sales or customer systems; and authority to use Agentra's name, trade and service marks.

44.     Exhibit 3 hereto is a screenshot from the video-recording of Plaintiff's cell phone described at paragraph 33 above: *a text message received directly from Agentra during the telemarketing enrollment with Agentra's telemarketer agent.*

45.     Agentra delegated to Hamilton the ability to make a contract between Plaintiff and Agentra using parameters set by Agentra, including Agentra's absolute control over whether and under what circumstances it would accept Plaintiff or any other person as a customer.

### More Facts

46.     Plaintiff's cell phone number 505-501-3610 has at all relevant times been continuously listed on the National Do-Not-Call Registry ("the Registry").

47.     Telemarketers are required by law to subscribe to and comply with the Registry.

48.     As evidenced by the initial fact that Plaintiff's phone number at all relevant times has been continuously listed on the Registry, Defendants could not care less that any particular phone number may be listed on the Registry.

49.     Defendants use robo-calling because it allows for thousands of automated sales calls to be initiated in a very short period of time, but their sales representatives only need actually spend time on the phone with consumers who respond.   Defendants thereby selfishly and illegally shift the burden of aggravation and wasted time to the public at large and away from themselves where it belongs.

50.     Defendants' conduct directed at Plaintiff in New Mexico is knowing, willful, wanton, reckless, intentional and/or grossly negligent.

11

51.     Plaintiff has never consented to being auto-dialed or robo-called or to having her privacy invaded and days disrupted by nuisance robot-callers trespassing on her phone.

52.     Plaintiff has never had any established business relationship with Defendants.

53.     Plaintiff has suffered concrete, particularized and de facto injury as a result of Defendants' conduct set forth above because she had her privacy invaded, was harassed, aggravated and was subjected to an obnoxious nuisance caused and created by Defendants.

54.     Defendants had the authority and responsibility to prevent or correct the unlawful telemarketing practices that are the subject of this Complaint.

55.     Defendants formulated, directed, controlled and participated in the unlawful telemarketing practices that are the subject of this Complaint.

56.     Defendants directly and personally participated in, ratified, directed and/or authorized the unlawful telemarketing practices that are the subject of this Complaint.

## FIRST CLAIM FOR RELIEF

### (Violations of the Telephone Consumer Protection Act)

57.     The foregoing acts and omissions of Defendants and/or their agents acting on their behalf constitute multiple violations of 47 U.S.C. § 227 and its implementing regulations.

58.     Defendants and/or their agents repeatedly called Plaintiff's phone to subject her to a pre-recorded message or artificial voice, then repeatedly failed and refused to promptly, properly identify themselves, then continued to robo-call and harass Plaintiff even after she made repeated, specific do-not-call requests.

59.     Plaintiff is entitled to and should be awarded against Defendant $500 in damages for each and every violation of the TCPA and its implementing regulations.

12

60.     Because Defendants' conduct set forth above and/or the conduct of their agents set forth above was knowing and/or willful, Plaintiff is entitled to and should be awarded treble damages of up to $1,500 for each and every violation of the TCPA and its implementing regulations.

## COMMON-LAW CLAIMS

61.     Defendants' unlawful behavior set forth above is a nuisance, harassment, trespass, aggravating waste of Plaintiff's time, and is intentional, willful, wanton, knowingly wrong, grossly negligent and/or reckless.

62.     Plaintiff hereby sues Defendants for nuisance and trespass to chattels.

63.     Plaintiff hereby sues Defendants for their civil conspiracy.

64.     Plaintiff should have and recover judgment against Defendants for all her actual damages or all her statutory damages, and for an amount of nominal plus exemplary damages sufficient to set an example and deter in the future the conduct complained of by Defendants or others.

## THIRD CLAIM FOR RELIEF

65.     Defendants repeatedly violated Section 22 of the New Mexico Unfair Practices Act ("the UPA") because their telemarketers repeatedly failed and refused to identify the sponsor of the calls to Plaintiff within 15 seconds of Plaintiff's answer.  Plaintiff hereby sues to recover Plaintiff's attorney fees and costs necessary for this matter and for her statutory damages for each violation, plus treble those statutory damages.

WHEREFORE, Plaintiff prays for entry of judgment for her actual, nominal or statutory and exemplary damages and for such other and further relief as the court deems just, proper and lawful including treble statutory damages. Plaintiff requests an award of her attorney fees and costs.

RESPECTFULLY SUBMITTED,

By:

Sid Childress, Lawyer
PO Box 2327
Santa Fe, NM 87504
childresslaw@hotmail.com
(505) 433 - 9823
Attorney for Plaintiff

14

# For Agents

- Your Efforts Are Rewarded
- Your Insights Are Recognized
- You Can Make $100,000+ Your First Year
- You Can Make A Difference In Someone's Life

Get Connected to Selling Insurance

ACENTRA.COM /

FOR AGENTS

From: <memberservices@agentra.com>
Date: Mon, Jul 23, 2018 at 9:39 AM
Subject: Welcome to Agentra
To: barbararnohon@gmail.com
Cc: Tracyann@ceanhamiltoninsurance.com

Thank you for choosing Agentra for your insurance needs. Below you will find a list of the plans you are enrolled in along with the monthly premium amount and next billing date. You will be receiving your ID Cards in the mail within 15 business days from your effective date.  Please note your credit card statement will reference our billing partner Innovative Health Insurance Partners.

To access your member profile; review your billing information; or to review product information go to

https://us.rollmart.com/agsemee

Your member id is **673764581**

Your member username is **673764581**

Your password is **Tdnb9m2e30**

EXHIBIT 2



Ex.H. 3

# EXHIBIT D

# TEXAS SECRETARY of STATE

## ROLANDO PABLOS

UCC   Business Organizations   Trademarks   Notary   Account   Help/Fees   Briefcase   Logout

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 801290343 | **Entity Type:** | Domestic Limited Liability Company (LLC) |
| **Original Date of Filing:** | July 6, 2010 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32042184450 | **FEIN:** | |
| **Duration:** | Perpetual | | |
| | | | |
| **Name:** | Agentra, LLC | | |
| **Address:** | 4201 SPRING VALLEY RD STE 1500 | | |
| | Dallas, TX 75244-3669 USA | | |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| Name | Address | Inactive Date |
|---|---|---|
| Judge A. Platt | 1201 N Riverfront Blvd., Suite 150 Dallas, TX 75207 USA | |

[ Initiate Change Filing ]   [ Return to Search ]

Instructions:
🔴 To place an order for additional information about a filing press the 'Order' button.

UCC  Business Organizations  Trademarks  Notary  Account  Help/Fees  Briefcase  Logout

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 801290343 | **Entity Type:** | Domestic Limited Liability Company (LLC) |
| **Original Date of Filing:** | July 6, 2010 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32042184450 | **FEIN:** | |
| **Duration:** | Perpetual | | |

| | |
|---|---|
| **Name:** | Agentra, LLC |
| **Address:** | 4201 SPRING VALLEY RD STE 1500 |
| | Dallas, TX 75244-3669 USA |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| View Image | Document Number | Filing Type | Filing Date | Effective Date | Eff. Cond | Page Count |
|---|---|---|---|---|---|---|
| | 314507470002 | Certificate of Formation | July 6, 2010 | July 6, 2010 | No | 2 |
| | 360271760002 | Change of Registered Agent/Office | March 21, 2011 | March 21, 2011 | No | 2 |
| | 379872910002 | Certificate of Amendment | July 29, 2011 | July 29, 2011 | No | 2 |
| | 385110040001 | Public Information Report (PIR) | December 31, 2011 | August 22, 2011 | No | 1 |
| | 441399410001 | Public Information Report (PIR) | December 31, 2012 | August 31, 2012 | No | 5 |
| | 516922430001 | Public Information Report (PIR) | December 31, 2013 | November 25, 2013 | No | 5 |
| | 563222240001 | Public Information Report (PIR) | December 31, 2014 | August 21, 2014 | No | 5 |
| | 593113580002 | Change of Registered Agent/Office | February 24, 2015 | February 24, 2015 | No | 2 |
| | 625082600001 | Public Information Report (PIR) | December 31, 2015 | August 19, 2015 | No | 5 |
| | 751039560001 | Public Information Report (PIR) | December 31, 2016 | July 19, 2017 | No | 2 |
| | 719165010002 | Change of Registered Agent/Office | March 1, 2017 | March 1, 2017 | No | 2 |
| | 741591160015 | Change of Name or Address by Registered Agent | May 30, 2017 | May 30, 2017 | No | 4 |
| | 763025550002 | Certificate of Amendment | September 21, 2017 | September 21, 2017 | No | 3 |
| | 817774760002 | Certificate of Amendment | June 5, 2018 | June 5, 2018 | No | 3 |

**Franchise Search Results**    Public Information Report



As of : 09/26/2018 16:36:15

**This Page is Not Sufficient for Filings with the Secretary of State**
Obtain a certification for filings with the Secretary of State.

| AGENTRA, LLC | |
|---|---|
| **Texas Taxpayer Number** | 32042184450 |
| **Mailing Address** | 4201 SPRING VALLEY RD STE 1500 DALLAS, TX 75244-3669 |
| **❓ Right to Transact Business in Texas** | ACTIVE |
| **State of Formation** | TX |
| **Effective SOS Registration Date** | 07/06/2010 |
| **Texas SOS File Number** | 0801290343 |
| **Registered Agent Name** | JUDGE A. PLATT |
| **Registered Office Street Address** | 1201 N RIVERFRONT BLVD., SUITE 150 DALLAS, TX 75207 |

# EXHIBIT E

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

BARBARA MOHON

Plaintiff,

                                      Case No. D-101-CV-2018-02263
         v.                           Judge: Francis J. Mathew

AGENTRA, LLC, TRACYANN NICOLE
HAMILTON AND JANE DOES 1-10

Defendants.

## <u>NOTICE OF NOTICE OF REMOVAL</u>

      Please take note that on September 28, 2018, Agentra, LLC filed in the United States

District Court for the District of New Mexico, a Notice of Removal of the above-entitled action

from the First Judicial District Court, County of Santa Fe, State of New Mexico, to the United

States District Court for the District of New Mexico.  A copy of the Notice of Removal is attached

to this Notice.

                                       Respectfully submitted,

                                       LAW OFFICE OF PAUL S. GRAND, P.A.
                                       By: _/s/ Paul S. Grand_____
                                       Paul S. Grand, Esq.
                                       460 St. Michaels Drive, Ste. 802
                                       Santa Fe, New Mexico 87505
                                       (505) 989-9980 – Telephone
                                       paul@grandlawfirm.net

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for Defendant Agentra, LLC hereby certifies that this pleading was served by electronic service on all counsel of record on September 28, 2018.

LAW OFFICE OF PAUL S. GRAND, P.A.
By:  /s/ Paul S. Grand_____
Paul S. Grand, Esq.
460 St. Michaels Drive, Ste. 802
Santa Fe, New Mexico 87505
 (505) 989-9980 – Telephone
paul@grandlawfirm.net

## <u>SERVICE LIST</u>

Sid Childress
PO Box 2327
Santa Fe, NM 87504
Telephone: (505) 433-9823
Email: childresslaw@hotmail.com

# EXHIBIT F

JS 44   (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| BARBARA MOHON | AGENTRA, LLC, TRACYANN NICOLE HAMILTON, and JANE DOES 1-10 |

**(b)**   County of Residence of First Listed Plaintiff    Santa Fe, New Mexico
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Dallas, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

Sid Childress
PO BOX 2327, Santa Fe, NM 87504
(505)433-9823

Attorneys *(If Known)*

See attachment

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
          Plaintiff

☐ 3   Federal Question
          *(U.S. Government Not a Party)*

☐ 2   U.S. Government
          Defendant

☒ 4   Diversity
          *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original Proceeding      ☒ 2   Removed from State Court      ☐ 3   Remanded from Appellate Court      ☐ 4   Reinstated or Reopened      ☐ 5   Transferred from Another District *(specify)*      ☐ 6   Multidistrict Litigation - Transfer      ☐ 8   Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1331, 1332, 1441, 1446

Brief description of cause:
Action for alleged receipt of unauthorized calls in violation of Telephone Consumer Protection Act & state law

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $    100,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   NM state district court; Judge Matthew

DOCKET NUMBER   D-101-CV-2018-02263

DATE
09/28/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Paul S. Grant

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE

**Attorneys for Defendant Agentra, LLC**

William S. Richmond
PLATT CHEEMA RICHMOND PLLC
1201 N. Riverfront Blvd., Suite 150
Dallas, Texas 75307
Telephone: (214) 559-2700


Paul S. Grand
LAW OFFICE OF PAUL S. GRAND, P.A.
460 St. Michaels Drive, Ste. 802
Santa Fe, New Mexico 87505
Telephone: (505) 989-9980