## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

Civil Action No. 1:18-cv-00915-MIS-SCY

BARBARA MOHON,

                  Plaintiff,

v.

AGENTRA LLC, TRACYANN NICOLE
HAMILTON and Jane Does 1-10

                  Defendants.

---

## MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT TRACYANN NICOLE HAMILTON'S
## MOTION TO SET ASIDE DEFAULT JUDGMENT

---

COMES NOW Defendant TracyAnn Nicole Hamilton ("Ms. Hamilton"), and pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure, moves this Court to set aside the default judgment entered against Ms. Hamilton in its Order filed June 5, 2019.

### INTRODUCTION

This is a lawsuit filed on September 28, 2018 about alleged unwanted telemarketing calls in violation of the Telephone Consumer Protection Act. Ms. Hamilton never received notice of this lawsuit prior to default judgment. Plaintiff engaged a process server who "served" Ms. Hamilton at an address at which she did not reside or work.

Only after three years later, when Plaintiff sought to execute on Ms. Hamilton's TD Ameritrade account, was Ms. Hamilton finally apprised of this litigation and the default judgment that had been rendered against her.

Justice, due process, and simple fairness demand that Ms. Hamilton be given an opportunity to answer the Complaint and defend herself. *See, e.g., Dennis v. Mead Reinsurance*

*Corp.*, No. CIV-05-611 MV-ACT, 2008 WL 11451948, at *2 (D.N.M. Feb. 1, 2008) (setting aside default judgment where insufficient proof of service and therefore default judgment was void).

## BACKGROUND FACTS

On or about July 11, 2022, Ms. Hamilton first received notice of this lawsuit when she learned her TD Ameritrade account was reduced as a result of garnishment by Plaintiff with respect to her default judgment. Declaration of TracyAnn Nicole Hamilton, ¶ 8. Her knowledge of this lawsuit was a result of her investigation of the garnishment. *Ibid*.

This Court's file reveals that a default judgment was entered against Ms. Hamilton on June 5, 2019, over three years months ago. *See* Docket No. 39. According to the return of service, Ms. Hamilton was served at 7971 Riviera Blvd #101, Miramar, FL 33023 by posting the summons and Complaint at a "conspicuous place" upon the premises. *See* Docket No. 13.

In fact, Ms. Hamilton was no longer located at the Riviera Blvd address by 2017—two years prior to the alleged service. See Hamilton Decl., ¶ 6. Moreover, it was only a work address, not her residence. Hamilton Decl. ¶¶ 6-7.

Ms. Hamilton was completely unaware that the Complaint had been filed and had she known of the Complaint, she would have filed a timely responsive pleading.

## ARGUMENT

Rule 55(c) of the Federal Rules of Civil Procedure provides that, "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Meanwhile, Rule 60(b) of the Federal Rules of Civil Procedure provides in pertinent part that:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding, for the following reasons… **(4) the judgment is void; or (6) any other reason justifying relief from the operation of the judgment**….

Fed. R. Civ. P. 60(b)(4), (6) (emphasis added).

As shown below, Plaintiff's default judgment is void per improper service and therefore default judgment should be set aside.

## I.     MS. HAMILTON'S MOTION IS TIMELY

Ms. Hamilton's motion is timely because it is brought pursuant to Fed. R. Civ. P. 60(b)(4). *See Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994) ("Unlike its counterparts, Rule 60(b)(4), which provides relief from void judgments, is not subject to any time limitation.") (internal quotation marks and citation omitted).

## II.     MS. HAMILTON'S DEFAULT IS VOID BECAUSE SHE WAS NOT PROPERLY SERVED

### A.     Plaintiff did not properly serve Ms. Hamilton

In order to have completed service on Ms. Hamilton, Plaintiff would have had to comply with Rule 4(e)(2) of the Federal Rules of Civil Procedure.  That rule provides in pertinent part that service can be effected by doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2)

Rule 4(e)(1) permits service in accordance with the rules of the state where the federal

court sits. New Mexico Rule 1-004(F) NMRA governs service of process on an individual and provides a hierarchy of three valid methods for service. The first method of service that should be used is delivery "to the individual personally; or if the individual refuses to accept service, by leaving the process at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service." Rule 1-004(F)(1)(a). In the alternative, personal service may be effectuated "by mail or commercial courier service as provided" in Rule 1-004(E)(3). Rule 1-004(F)(1)(b). Rule 1-004(E)(3) provides that "[s]ervice may be made by mail or commercial courier service provided that the envelope is addressed to the named [individual] and further provided that" the individual or another qualified person "signs a receipt for the envelope or package containing the ... process."

Thus, regardless of whether service attempted on Ms. Hamilton was based upon state or federal service requirements, as provided in Rule 4(e) of the F.R.Civ.P, Plaintiff would have needed the correct address for Ms. Hamilton to effect proper service.

The address where the summons indicated Ms. Hamilton was to be served, and where Ms. Hamilton was presumably "served" by Plaintiff's process server, had not been Ms. Hamilton's work address for more than two years. Hamilton Decl., ¶¶6-7. There cannot be a presumption of proper service in this case. In fact, Ms. Hamilton had no notice of the lawsuit, and for that reason did not respond to it.

**B.     Proper Service is Required by Rule 4**

Proper service of process under Rule 4 of the Federal Rules of Civil Procedure – which did not occur in this case – is a prerequisite for this Court's assertion of jurisdiction over Ms. Hamiltion. *See Chester v. Green*, 120 F.3d 1091 (10th Cir. 1997). ("The first requirement of those rules [of civil procedure] is to obtain service on the defendants so the court would have

jurisdiction over them."). A default judgment obtained without proper service of process offends due process and is void. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 81, 108 S.Ct. 896 (1988) (noting that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections"); *Texas Western Fin. Corp. v. Edwards*, 797 F.3d 902, 906 (10th Cir. 1986) (noting that, due to a failure of service, "the district court failed to acquire personal jurisdiction over [defendant]; thus, the default judgment is void.").

The *Mead* case is particularly instructive. In that case, the defendant moved to set aside a default judgment on the grounds it was void. 2008 WL 11451948, at *2. The court held that the plaintiffs did not provide any information regarding whether or how the server identified Linda Stamps, the person served, as a corporate officer for the defendant. *Id.* Just as in *Mead*, Ms. Hamilton was properly. Ms. Hamilton lacked actual notice of this default judgment up until the time that Plaintiff began executing on her assets. Ms. Hamilton's due process rights have been violated by the actions taken by Plaintiff and Ms. Hamilton should be returned to a position as if no default judgment had ever been entered against her. *Accord Peralta*, cited supra at 82 ("[O]nly 'wiping the slate clear would have restored the petitioner to the position he would have occupied had due process of law been accorded to him in the first place.' The Due Process Clause demands no less in this case.").

## CONCLUSION

For each of the foregoing reasons, this Court should grant Ms. Hamilton's motion to vacate the default judgment and place Ms. Hamilton in a position such that she is not penalized as a result of Plaintiff's failure to properly give it notice of this case.

August 11, 2022         /s/ David J. Kaminski

David J. Kaminski
Carlson & Messer LLP
5901 W. Century Blvd., #1200
Los Angeles, CA 90045
kaminskid@cmtlaw.com
(310) 242-2200
Attorney for Defendant
TRACYANN NICOLE
HAMILTON

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2022, a true and correct copy of Defendant TracyAnn Nicole Hamilton's **MOTION AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TRACYANN NICOLE HAMILTON'S MOTION TO SET ASIDE DEFAULT JUDGMENT** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

 /s/ David J. Kaminski
David J. Kaminski
Attorney for Defendant
TRACYANN NICOLE
HAMILTON
