IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

BARBARA MOHON,

        Plaintiff,

v.                               case no. 1:18-cv-00915 MIS/SCY

TRACYANN NICOLE HAMILTON,

        Defendant.

## RESPONSE TO DOC. 113 TRACYANN HAMILTON'S MOTION TO SET ASIDE DEFAULT JUDGMENT

TO THE HONORABLE COURT:

    Plaintiff requests the Court make the following findings and conclusions -

1.     Tracyann Nicole Hamilton ("Defendant") fails to disclose any meritorious defense to Plaintiff's claims;

2.     Defendant culpably disregarded the Summons and Complaint in this case that led to entry of the Default Judgment (Doc. 39 filed by the Court on 6/5/19);

3.     Defendant fails to present "strong and convincing evidence" sufficient to meet her burden of proof;

4.      Plaintiff will be prejudiced if the Default Judgment is set aside.

<u>No Meritorious Defense is presented by Defendant</u>

The Court may refuse to set aside a default judgment if the defendant fails to present a meritorious defense. *Tango Marine v. Elephant Grp. Ltd.*, 19 F.4th 808, 812 (5th Cir. 2021). "That makes sense, as setting aside the default in the absence of a meritorious defense just postpones the inevitable." *Id*. In the Tenth Circuit the defaulting party "must" present a meritorious defense to establish good cause for setting aside a default. *US v. Timbers Preserve*, 999 F.2d 452, 454 (10th Cir. 1993); *Hunt v. Ford Motor Co.*, 65 F.3d 178, (10th Cir. 1993).

Plaintiff's Complaint against Defendant appears in the record at pages 2-18 of Doc. 1-1 filed on 9/28/18. Defendant's written general agent agreement with Agentra LLC appears in the record at pages 20-26 of Doc. 11 filed on 10/17/18. Defendant's Declaration (Doc. 113-1 filed on 8/11/22) fails to present any alleged defense to Plaintiff's claims. Because Defendant fails to present a meritorious defense, it would be no abuse of discretion for the Court to deny Defendant's motion to set aside the Default Judgment on that basis alone.

## Culpable Conduct by Defendant

As her sole basis for claiming the Default Judgment is void for lack of proper service of the Summons and Complaint, Defendant states at Doc. 113-1 that she has never resided at the Riviera Blvd. address and that she "had not worked at the Riviera Blvd. address since 2017". She states in her Declaration she learned about the Default Judgment on 07/11/2022, but she does not deny she had actual knowledge of the Summons and Complaint prior to entry of judgment. And in fact she did have actual knowledge.[1]

Valid service of process by email is permissible. See *Tango Marine*, supra, 19 F.4th at 808 where the same was authorized by court-order as "alternative service".

Alternative service by email was authorized and completed in this case on Defendant. See Plaintiff's Motion with Exhibits in support at pages 44-52 of Doc. 1-1 filed on 9/28/18. See the Order Authorizing Alternate Service of Process at pages 60-61 of Doc. 1-1. See Doc. 13 filed on 10/25/18. See Doc. 20 filed in this case on 12/02/18. See the Certificate of Service at page 9 of Doc. 25 filed on 01/08/19. See the Certificate of Service at page 2 of Doc. 27 filed on 01/26/19. See also the Certificate of Notice at Doc. 31 filed on 02/06/19.

---

[1] the Summons to Defendant appears in the record at page 2 of Doc. 13 filed on 10/25/18 and at page 40 of Doc. 1-1 filed on 9/28/18

See page 22 of Doc. 11 filed on 10/17/18 setting forth, under oath by Agentra's Vice-President, the location and contact information Agentra and Defendant used with each other including ("the email address"): **tracyann@deanhamiltoninsurance.com**. The record before the Court therefore establishes that Defendant had actual knowledge of the Summons and Complaint prior to entry of judgment. She received repeated notices sent to the email address. Defendant also repeatedly was sent regular USPS mail to the Riviera Blvd. address, prior to the Court's entry of the judgment, that put Defendant on notice of Plaintiff's Summons and Complaint. Plaintiff's Summons and Complaint was "posted" at the Riviera Blvd. address twice (see page 50 of Doc. 1-1, and Doc. 13).

Discovery with Agentra confirmed that throughout the years 2018 and 2019 Defendant personally used the email address. Discovery with Agentra also confirmed that Agentra itself gave Defendant actual knowledge of Plaintiff Mohon's Summons and Complaint: Agentra asked for her cooperation in coordinating a defense to Plaintiff's claims.[2] See for example Doc. 93-3 filed on 11/16/21 which already appears in the record before the Court (letter to Defendant from Agentra

---

[2] See paragraphs 2-3 of **Exhibit 1** in support of this response regarding discovery with Agentra

about its settlement of a complaint for unlawful telemarketing).[3] But Defendant ignored Agentra just like she ignored Mohon.

Willful failure to answer or respond to a Summons and Complaint, those facts alone, are sufficient cause for a court to deny a motion to set aside a default. *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992); *Hunt*, supra, 65 F.3d 178 ("If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone"). See also again *Tango Marine*, supra, and *US v. Timbers Preserve*, supra, 999 F.2d at 454 for the same holdings.

Defendant chose of her own volition to ignore this matter prior to entry of Default Judgment (and even for over 3 years after). It is no abuse of discretion for the Court to deny Defendant's motion to set aside the Default Judgment on that basis alone. Defendant was repeatedly emailed about the matter. Agentra itself asked Hamilton for assistance in defending Mohon's Complaint.

The First Judicial District Court of Santa Fe County, when it had jurisdiction to do so, authorized service of process on Defendant by email to tracyann@deanhamiltoninsurance.com. New Mexico Rule 1-004 authorizes service of process that is "reasonably calculated, under all the circumstances, to

---

[3] "the TCPA complaint filed by Steven Gallion" is Doc. 1 filed on 7/13/18 in case no. 18-cv-1487 in the Central District of California. It is believed Agentra's Director of Compliance would testify Hamilton was asked, in 2018, to help with a defense of Plaintiff's claims in addition to Gallion's claims. Hamilton therefore received actual knowledge of Mohon's Summons and Complaint.

5

apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend". Therefore alternative service of process by email can satisfy requirements of due process. Doc. 113 does not dispute that service by the rules of the state where the federal court sits, is proper service.

The Court should also deny the motion because of Defendant's own culpable conduct in choosing to ignore the Summons and Complaint in 2018 and 2019 prior to the Court's entry of the Default Judgment. Lastly and as set forth below, Defendant's bare statement that she "had not worked at the Riviera Blvd. address since 2017" does not meet her burden of proof to set aside the Judgment.

<u>Defendant fails to meet her burden of proof</u>

A defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur. *SEC v. Internet Solutions for Business*, 509 F.3d 1161, 1163 (9th Cir. 2007); *Burda Media, Inc. v. Viertel,* 417 F.3d 292, 299 (2d Cir.2005); *Bally Export Corp. v. Balicar, Ltd.,* 804 F.2d 398, 400 (7th Cir.1986); *Jones v. Jones,* 217 F.2d 239, 242 (7th Cir.1954). This standard of review applies to Defendant's motion Doc. 113. Compare the facts at hand to the facts described in these authorities.

As set forth above Defendant had actual notice of the Summons and Complaint prior to entry of the Default Judgment. Her bare statement that she "had not worked at the Riviera Blvd. address since 2017" is not credible and is insufficient to meet her burden of proof described in the authorities cited above. Without more, her bare statement fails to overcome the prima facie evidence of valid service appearing on the face of the record before the Court.[4] A signed return of service constitutes prima facie evidence of valid service which can be overcome only by "strong and convincing evidence". *SEC*, supra 509 F. 3d at 1163 (citing *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir.1993) and *Hicklin v. Edwards,* 226 F.2d 410, 414 (8th Cir.1955)).

In deciding whether Defendant's bare statement - that she "*had not worked at the Riviera Blvd. address since 2017*" - is sufficient to meet her burden of proof by "strong and convincing evidence", the Court must give credence to the prima facie valid service appearing in the record. Also and more particularly the Court is requested to base its findings on the following additional statements:

---

[4] the Summons to Defendant at page 40 of Doc. 1-1 filed on 9/28/18; Plaintiff's Motion with Exhibits in support at pages 44-52 of Doc. 1-1; Order Authorizing Alternate Service of Process at pages 60-61 of Doc. 1-1; Doc. 13 filed on 10/25/18; Doc. 20 filed in this case on 12/02/18; the Certificate of Service at page 9 of Doc. 25 filed on 01/08/19; the Certificate of Service at page 2 of Doc. 27 filed on 01/26/19; the Certificate of Notice at Doc. 31 filed on 02/06/19; Doc. 26 filed on 01/09/19 the District Clerk's Entry of Default.

1.     The first process server's affidavit is at page 50 of Doc. 1-1. That statement indicates (a) there was signage at the Riviera Blvd. address on 8/14/18 for "Dean Hamilton Insurance company at this location", (b) the process server was repeatedly given the runaround about "Tracy" and (c) the process server posted the Summons and Complaint at the Riviera Blvd. address on 8/24/18.

2.     On or about 01/10/18 Defendant signed a contradictory statement, stating that she was "owner" and registered agent of "Dean-Hamilton Insurance, LLC" with its current principal place of business at 7971 Riviera Blvd. #101 in Miramar, FL 33023 (hereinafter "the Riviera Blvd. address"). Page 52 of Doc. 1-1 filed on 9/28/18. Immediately above her signature on that document is the plain language:

> "I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath[.]"[5]

---

[5]     Paragraph 4 of **Exhibit 1** filed this same date in support of this Response to Doc. 113 describes Page 52 of Doc. 1-1 and **Exhibits 2-15** as public records. The Court is requested to take judicial notice of the facts in these public records, pursuant to Fed.R.Evid. 201, because those facts can be accurately and readily determined from the Florida Division of Corporations at search.sunbiz.org and the accuracy of those facts from that source cannot reasonably be questioned. These records are also admissible on their own pursuant to Fed.R.Evid. 801(d) because they qualify as "Statements That Are Not Hearsay". Even if the records were hearsay outside the scope of Rule 801(d), they are admissible under exceptions to the hearsay rule as public records and records of a regularly conducted activity.

Chapter 605 of Florida's statutes requires the filing of these Annual Reports by LLCs as public records. See the reference to the same in plain language immediately above Defendant's signature at the bottom of Exhibit **2**. Chapter 607 of Florida's statutes requires the filing of these Annual Reports by for-profit corporations as public records. See the reference to the same immediately above Defendant's signature at the bottom of Exhibits **5, 6 and 7**. See Sections

3. On or about 04/09/2019 Defendant again signed the same contradictory statement that she was "owner" and registered agent of "Dean-Hamilton Insurance, LLC" with its current principal place of business at the Riviera Blvd. address. **Exhibit 2** filed this same date in support of this response. Immediately above her signature on that document is the plain language:

> "I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath[.]"

4. **Exhibit 3** hereto in support of this response: Articles of Dissolution Defendant signed and filed in 2019 (after she began receiving notice of legal claims made for unlawful telemarketing) instructing the State of Florida (and the general public) to send any notice to her at the Riviera Blvd. address.

5. **Exhibit 4** hereto in support of this response: after dissolving the LLC to hinder potential creditors, Defendant formed a corporation and stated her registered office address was the Riviera Blvd. address.

---

605.0205, 605.0212, 607.1420 and 607.1622 of Florida's statutes. The Court can take judicial notice of matters of general public nature. *Baker v. Henderson*, 150 F.Supp.2d 13, 15 (D.DC 2001).

6.      **Exhibits 5, 6 and 7** hereto in support of this response:   additional statements by Defendant herself that contradict and discredit her statement  that she "had not worked at the Riviera Blvd. address since 2017".   The Court can note that in all these Annual Reports required by the State of Florida, immediately above the declarant's signature is the plain language:  "I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath[.]"

7.      **Exhibit 8** hereto in support of this response:    an additional statement indicating Defendant continued to work at the Riviera Blvd. address  in the year 2020.

8.      **Exhibit 9** hereto in support of this response:    an additional under-oath statement by Defendant herself indicating Defendant continued to work at the Riviera Blvd. address  in the year 2021.

9.      **Exhibit 10** hereto in support of this response:   2019 Articles of Incorporation Defendant signed  stating she was Executive Director of a company with its "Principle Address" at the Riviera Blvd. address.

10.     **Exhibit 11** hereto in support of this response:   a statement signed in 2021 by one of Defendant's co-officers indicating Defendant would receive correspondence at the Riviera Blvd. address.

11. **Exhibits 12, 13, 14 and 15** hereto in support of this response: additional statements by Defendant herself discrediting her statement that she "had not worked at the Riviera Blvd. address since 2017".

12. **Exhibit 16** hereto in support of this response:[6] yet another statement Defendant signed herself, this time on or about 10/05/2020. At Exhibit 16 (**its page 8**) Defendant signed this statement: "Respondent certifies that the address and email address below the Respondent's signature are valid addresses".

The weight of the evidence by far is that Defendant's version of the facts is not "strong and convincing". Defendant's motion to set the Default Judgment aside should be denied.

<u>Plaintiff is prejudiced by Defendant's delay</u>

If Defendant's motion is granted, Plaintiff will be prejudiced in at least the following ways -

---

[6] Paragraph 5 of **Exhibit 1** filed this same date in support of this Response to Doc. 113 describes **Exhibit 16** as a public record. The Court is requested to take judicial notice of the facts in the Exhibit 16, pursuant to Fed.R.Evid. 201, because those facts can be accurately and readily determined from either Defendant herself or the Florida Dept. of Financial Services and the accuracy of those facts cannot reasonably be questioned. Exhibit 16 is also admissible on its own pursuant to Fed.R.Evid. 801(d) because it qualifies as "Statements That Are Not Hearsay". Even if the exhibit was hearsay outside the scope of Rule 801(d), it is admissible under exceptions to the hearsay rule as a public record and a record of a regularly conducted activity.

11

## 4 years of delay is prejudicial to Plaintiff

The relevant time period for the occurrences that form the basis of Defendant's liability to Plaintiff, is 2018. After four (4) years, witnesses and evidence are more difficult if not impossible to locate. Many document-retention policies provide that documents and information may be disposed of prior to the expiration of four (4) years. See for example **Exhibit 17** in support of this response - a memo prepared by the US Dept. of Justice. In the case at hand, Plaintiff would want to discover from non-party witnesses "call detail records" pertaining to Defendant and her activities in 2018 - but these items most likely will no longer be available. "Call detail records" provide relevant evidence about the scope and extent of a person's telephone activities including but not limited to: the numbers of calls made and received, the dates and times of the same, and the phone numbers called or that calls were received from. VOIP providers typically charge commercial customers by the "minutes" of time particular phone numbers are used to communicate. Therefore, for example only, if a dialer were to claim he or she only made a "few" calls on a particular date as opposed to thousands or a million or more, or that (s)he did not know what her call-center was doing, a plaintiff might discover call detail records from a phone company that would prove otherwise.

Waste and loss of attorney time

Plaintiff is prejudiced if Defendant's motion is granted by loss of reasonable attorney time in 2018 necessary to obtain the Default Judgment in the first place, and for the reasonable attorney time necessary to respond to Doc. 113.

As previously set forth, Plaintiff will also be prejudiced if Defendant's default is set aside by the necessity of having to re-do discovery with Agentra. See **Exhibit 1** explaining that discovery products received from Agentra were required to be destroyed or deleted, but Plaintiff would need to provide the Court with evidence from Agentra showing that (a) throughout the years 2018 and 2019 Defendant used the email address [tracyann@deanhamiltoninsurance.com](mailto:tracyann@deanhamiltoninsurance.com) and (b) Agentra put Hamilton on notice of Plaintiff's Summons and Complaint, prior to the Court's entry of the Default Judgment, by asking for her cooperation in coordinating a defense. This discovery would be necessary because Defendant's statements to the effect that she was not properly served process or that she had no knowledge of Plaintiff's Summons and Complaint in time to avoid the Default Judgment, create a credibility issue for her (always a relevant topic) and with this additional information (discovery) from Agentra and others Plaintiff would move the Court to re-consider any Order setting aside Plaintiff's Default Judgment against Hamilton.

Loss of the TD Ameritrade account

Defendant's motion acknowledges that Plaintiff has garnished her "TD Ameritrade account". **Exhibit 18 hereto** is a true copy of a motion the garnishee ("TD") filed in the court that issued the writ, with one of the exhibits to the motion (letter of Aug. 1 from garnishee's attorney to Craig Cunningham).[7] This exhibit accurately sets forth the procedural posture of the Pennsylvania case in which Plaintiff's judgment against Defendant has been domesticated. Defendant's TD Ameritrade account has been "frozen" by the garnishee TD pending the outcome of the Court's ruling on Defendant's Doc. 113 her motion to set the judgment aside. See also the paragraph 15 of the motion at Exhibit 18: "the attachment on Ms. Hamilton's account(s) at TDA remains and will remain in full effect until further order of [the Pennsylvania court]".

In other words, if this Court sets the Default Judgment aside, the Pennsylvania court will Order that Defendant should have access to the TD Ameritrade account and it will then disappear to the detriment of Plaintiff. Plaintiff will be prejudiced by the loss of this opportunity to collect what she is owed by Defendant, from Defendant's TD Ameritrade account.

---

[7] Plaintiff has assigned the Judgment, for consideration, to Craig Cunningham. Cunningham attempts to collect on the Judgment, for Plaintiff

<u>Plaintiff requests the default judgment be set aside only on just terms</u>

Fed.R.Civ.Pro 60(b) allows the Court to set aside a default judgment only on "just terms". These just terms typically include provisions for remedying, at minimum, attorney fees, costs and expenses to the plaintiff.

Here, for the reasons Plaintiff sets forth above, **the Court should deny Doc. 113 and not set the judgment aside**. The Court's denial of Defendant's motion would not be any abuse of discretion. However in the alternative if the Court is inclined to grant Doc. 113 Plaintiff requests these certain "just terms" which would be the minimum Plaintiff can request at this time to remedy the prejudice to Plaintiff described above:

1. If the Court sets the Default Judgment aside, the Court should also Order that if Plaintiff later persuades the Court it set the Default Judgment aside in part based on false statements or false contentions of fact by Defendant, Plaintiff may apply to the Court for an award of attorney fees and costs necessary to (a) provide the proof to the Court, (b) obtain the 2019 Default Judgment in the first place and (c) prepare and file this Response to Doc. 113.

2. If the Court sets the Default Judgment aside, the Court should also Order that the Judgment is set aside only on condition that all funds and money in Hamilton's TD Ameritrade account shall be paid by the garnishee into this Court's registry, to be ultimately disposed of by further Order of the Court depending on the outcome

15

of this litigation on the merits, whether by trial or out of court settlement. In other words, "just terms" for setting the Default Judgment aside would at minimum include conditions that Hamilton shall continue to have no access to the TD Ameritrade account and the account shall remain "frozen" or "attached" until all issues and controversies between Plaintiff and Defendant are resolved.

PREMISES CONSIDERED the Court is requested to deny Defendant's motion or, alternatively, set the Default Judgment aside only on the just terms requested by Plaintiff above.

RESPECTFULLY SUBMITTED,

By: /s/ Sid Childress

_____
Sid Childress, Lawyer
1925 Aspen Dr. #600A
Santa Fe, NM 87505
childresslaw@hotmail.com
(505) 433 - 9823
Attorney for Plaintiff and for the
Judgment-assignee Craig Cunningham

**CERTIFICATE OF SERVICE**

I caused this document and all exhibits to be served in accordance with D.N.M.LR-CIV. 5.1 by filing it through the Court's CM/ECF electronic filing system.

/s/ Sid Childress

_____