Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

By: Shawn F. Summers
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
summerss@ballardspahr.com

*Attorneys for Garnishee*
*TD Ameritrade, Inc.*

### IN THE COURT OF COMMON PLEAS OF
### MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| BARBARA MOHON, et al., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION – LAW |
| TRACYANN NICOLE HAMILTON, | : NO. 2022-11457 |
| Defendant. | : |

### MOTION OF GARNISHEE TD AMERITRADE, INC. TO
### CONFIRM EXTENT OF THIS COURT'S STAY ORDER

Garnishee TD Ameritrade, Inc. ("TDA") hereby moves for an order confirming that this Court's July 21, 2022 emergency stay of the writ of execution in this case (the "Stay Order") also stays TDA's obligation to respond to the Interrogatories of Assignee/Judgment Creditor Craig Cunningham while the Stay Order remains in effect. In support of its Motion, TDA avers as follows:

1. On June 15, 2022, Assignee/Judgment Creditor Craig Cunningham filed a Praecipe for a Writ of Execution in this Court to enforce a judgment against defendant Tracyann Nicole Hamilton in the matter *Mohon v. Agentra LLC*, No. 1:18-cv-00915, in the U.S. District Court for the District of New Mexico (the "New Mexico Proceeding"). *See* Dkt. No. 3. Upon receiving the requested writ of execution, Mr. Cunningham proceeded to serve it upon a number of garnishee financial institutions, including TDA.

2. Along with the writ of execution, Mr. Cunningham propounded interrogatories to

DMFIRM #404609589 v1

these garnishees substantially in the form prescribed by Pa. R. Civ. P. 3253. Mr. Cunningham served TDA with these interrogatories (the "Interrogatories") on July 11. Dkt. No. 19.

3.  On July 19, counsel for Ms. Hamilton appeared and filed an emergency petition asking this Court to stay the writ of execution for 60 days to allow Ms. Hamilton to reopen the judgment against her in the New Mexico Proceeding. Dkt. No. 36. Ms. Hamilton alleged that she had never been properly served in the New Mexico Proceeding and indeed was unaware of the judgment against her until her accounts were frozen as a result of the writ of execution. *Id.* ¶¶ 4–7, 10.

4.  On July 21, this Court granted Ms. Hamilton's emergency petition, issuing the Stay Order. Dkt. No. 40.

5.  Given these facts, on August 1, TDA timely responded to Mr. Cunningham, sending a letter by both e-mail and U.S. Mail informing him that TDA would not provide a detailed answer to the Interrogatories while proceedings in the case were stayed, but would answer within five days of the lifting or expiration of the Stay Order. A copy of TDA counsel's August 1 e-mail to Mr. Cunningham is attached as **Exhibit A** to the below Declaration of Shawn F. Summers ("Summers Decl."), and a copy of the enclosed letter is attached as Summers Decl. **Exhibit B**.

6.  Counsel for TDA has since conferred with Mr. Cunningham, who has indicated that he intends to imminently move in this Court to compel TDA to respond to the Interrogatories, as well as for unspecified "sanctions." *See* Summers Decl. ¶ 5.

7.  Meanwhile, on August 11, counsel for Ms. Hamilton appeared in the New Mexico Proceeding, filing a motion to reopen and set aside the judgment against her. *See* ECF No. 113 at 1, *Mohon v. Agentra LLC*, No. 1:18-cv-00915-MIS-SCY (D.N.M. Aug. 11, 2022), attached as Summers Decl. **Exhibit C**.

8. In that public filing, Ms. Hamilton admitted to holding one or more accounts at TDA that were frozen as a result of the proceedings in this Court. *See id.* at 1–2.

9. Ms. Hamilton does not consent to TDA providing her account information to Mr. Cunningham notwithstanding this Court's Stay Order. *See* Summers Decl. ¶ 6.

10. Pennsylvania law is clear that, in general, the stay of a writ of execution also stays discovery in aid of execution. *See Linde v. Linde*, 222 A.3d 776, 787 (Pa. Super. 2019) ("Simply stated, with the execution stayed, there can be no discovery to aid the execution, as the execution and the execution proceedings have been postponed and halted during the pendency of the stay." (internal quotation omitted)).

11. Although Ms. Hamilton has admitted to being a TDA customer, the information Mr. Cunningham seeks in the Interrogatories—information about her specific account(s) and the balance(s) thereof—is not publicly available. Given that Ms. Hamilton does not consent to this disclosure, the only basis under which Mr. Cunningham is entitled to this information is pursuant to the writ of execution against her, which is currently stayed.

12. TDA desires to fully comply with its discovery obligations, but at the same time cannot give out nonpublic customer information without a legal basis to do so.

13. An order from this Court confirming that the Stay Order extends to TDA's response to the Interrogatories will clarify TDA's obligations and vindicate the underlying purpose of the stay, which is to maintain the status quo while Ms. Hamilton challenges the underlying judgment in the New Mexico Proceeding.

14. Such an order cannot cause any conceivable prejudice to Mr. Cunningham, since even if he receives Ms. Hamilton's TDA account information he cannot make any further progress toward execution during the pendency of the Stay Order. Should the Stay Order expire or be lifted,

TDA will respond fully to the Interrogatories without delay.

15. Furthermore, the attachment on Ms. Hamilton's account(s) at TDA remains and will remain in full effect until further order of this Court, regardless of the outcome of this Motion. Nothing in this Motion should be understood to cast any doubt whatsoever on Mr. Cunningham's eventual ability to garnish the Hamilton account(s) to the full extent of his legal rights, should the writ of execution be reinstated.

**WHEREFORE**, Garnishee TD Ameritrade, Inc. respectfully requests that this Court issue an order confirming that its July 21, 2022 stay of the writ of execution in the above-captioned matter also stays TDA's obligation to respond to the interrogatories of Assignee/Judgment Creditor Craig Cunningham, and that, should the writ of execution be reinstated, TDA's response to the interrogatories shall be due within five days thereafter.

Dated: August 23, 2022

Respectfully submitted,

/s/ *Shawn F. Summers*
Shawn F. Summers
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
summerss@ballardspahr.com

*Counsel for Garnishee TD Ameritrade, Inc.*

# Ballard Spahr
### LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Shawn F. Summers
Tel: 215.864.8347
Fax: 215.864.8999
summerss@ballardspahr.com

August 1, 2022

*Via E-mail and U.S. Mail*

Craig Cunningham
Assignee/Judgment Creditor
3000 Custer Road, Suite 270-206
Plano, TX 75075
judgmentcollectionteam@protonmail.com

Re:   *Mohon v. Hamilton*, No. 2022-11457; Interrogatories to Garnishee TD Ameritrade

Dear Mr. Cunningham:

My firm represents Garnishee TD Ameritrade, Inc. ("TDA") in the above-captioned action. I previously mentioned on the phone that we are in receipt of your Interrogatories regarding Ms. Hamilton's accounts or other assets that may be within TDA's control or possession.

As you are aware, on July 21st the Court issued an order granting Ms. Hamilton's emergency petition and staying the writ of execution in this action for 60 days so that Ms. Hamilton can challenge the underlying judgment against her in the U.S. District Court for the District of New Mexico. Under these circumstances, TDA will not respond to the Interrogatories while proceedings in the case remain stayed. Should the stay expire or be lifted, TDA will respond promptly to the Interrogatories within five days of the expiration of the stay or TDA's receipt of the order reinstating the writ of execution.

Although execution in this matter is stayed, TDA understands that the attachment on any property of Ms. Hamilton's in TDA's control or possession remains in full force and effect. Nor does the stay in this case affect TDA's responses to your interrogatories in the matters *Mestas v. Mack*, No. 2022-06742, *Hall v. Montalvo*, No. 2022-06744, and *Hall v. Yirenkyi*, No. 2022-06746, which accompany this letter.

Very truly yours,

Shawn F. Summers

SFS