IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Civil Action No. 1:18-cv-00915-MIS-SCY

BARBARA MOHON,

        Plaintiff,

v.

AGENTRA LLC, TRACYANN NICOLE HAMILTON and Jane Does 1-10

        Defendants.

**REPLY IN SUPPORT OF
DEFENDANT TRACYANN NICOLE HAMILTON'S
MOTION TO SET ASIDE DEFAULT JUDGMENT**

**ORAL ARGUMENT REQUESTED**

**I.    INTRODUCTION**

Plaintiff's Opposition is contrary to Tenth Circuit law in that it presumes Rule 60(b)(4) relief is discretionary. Such relief is mandatory. *Hukill v. Oklahoma Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008). Plaintiff did not properly serve Ms. Hamilton and therefore default judgment is void pursuant to Rule 60(b)(4). Plaintiff's reference to irrelevant issues such as "culpable conduct" and "meritorious defenses" that are applicable to other Rule 60 motions should be disregarded. *See, e.g., SHO Servs., LLC v. China Film Grp. Corp.*, No. 17-CV-01200-CMA-KLM, 2020 WL 70428, at *2 (D. Colo. Jan. 7, 2020). Plaintiff's default judgment against Ms. Hamilton must be set aside. Plaintiff's continuing crusade to extract over $90,000 (Doc 39) from a single mother who had nothing to do with the calls at issue needs to end.

///

II.    **ARGUMENT**

    A.    **Ms. Hamilton does not need to demonstrate a meritorious defense because service was void**

The Tenth Circuit has held that "[w]here Rule 60(b)(4) is properly invoked, 'relief is not a discretionary matter; it is mandatory ....'" *Hukill*, 542 F.3d at 797 (quoting *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994)); *see also Glob. Gold Mining, LLC v. Ayvazian*, 983 F. Supp. 2d 378, 384 (S.D.N.Y. 2013) ("Rule 60(b)(4) is 'unique' because 'relief is not discretionary and a meritorious defense is not necessary.'" (quoting *Covington Indus. v. Resintex A.G.*, 629 F.2d 730, 733 n.3 (2d Cir. 1980)); *SHO Servs.,* 2020 WL 70428, at *2 (same). Plaintiff's repeated citations to the "culpable conduct" standard applicable to 60(b)(3) motions (Doc 115 at 3-6) and requirement that Ms. Hamilton demonstrate a meritorious defense (Doc 115 at 2) should be disregarded. *See Dennis v. Mead Reinsurance Corp.*, No. CIV-05-611 MV-ACT, 2008 WL 11451948, at *2 (D.N.M. Feb. 1, 2008)(setting aside default judgment under Rule 60(b)(4) based on showing of lack of service alone). Ms. Hamilton's Rule 60(b)(4) motion should be granted because she was never served with the Complaint or otherwise notified of this lawsuit.

    B.    **Plaintiff has not shown proper service**

A default judgment obtained in the absence of personal jurisdiction over the defendant is void. *Williams v. Life Sav. & Loan,* 802 F.2d 1200, 1202 (10th Cir. 1986). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987); *see also Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209–10 (10th Cir. 2000) (stating a federal court may exercise personal jurisdiction over a defendant only if the procedural requirements for service of process are satisfied and the exercise of jurisdiction satisfies due process). Therefore, a default judgment entered against a defendant is void if the plaintiff did not properly serve the defendant. *Howard v. Jenny's Country Kitchen, Inc.*, 223 F.R.D. 559, 563 (D. Kan. 2004) (citing *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 842–43 (8th Cir.1993); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 448 (D.C.Cir.1987);

*Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir.1985)).

Plaintiff provides no authority that the Tenth Circuit has ruled that it is the defendant's burden to show she was never properly served on a 60(b)(4) motion. (Doc 115 at 6)  *See Marcus Food Co. v. Dipanfilo*, No. CIV. 09-1261-EFM, 2010 WL 3946314, at *6 (D. Kan. Oct. 5, 2010), *aff'd,* 671 F.3d 1159 (10th Cir. 2011) ("Although the Tenth Circuit has not determined whose burden it is to establish personal jurisdiction on a motion to set aside a default judgment, **because both parties assert that it is Plaintiff's burden, the Court will apply this standard**.") (emphasis added).  The Eleventh Circuit, for example, has held that the burden of proof in establishing personal jurisdiction in a motion to vacate default judgment remains on plaintiff.  *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009).  This is contrary to Plaintiff's cited authority, *SEC v. Internet Solutions for Business*, 509 F.3d 1161, 1163 (9th Cir. 2007).

Regardless as to whether it is Plaintiff's burden or Ms. Hamilton's burden, default judgment should be set aside as shown below.

    1.    **There was no service under Federal Law**

In order to have completed service on Ms. Hamilton, Plaintiff would have had to comply with Rule 4(e)(2) or 4(e)(1) of the Federal Rules of Civil Procedure.  Rule 4(e)(2) provides in pertinent part that service can be effected by doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2)

Plaintiff's Opposition does not assert that she served Plaintiff personally under Rule 4(e)(2)(A).  She does not assert that she left a copy at Plaintiff's dwelling with someone of suitable age and discretion who resides there under Rule 4(e)(2)(B).  There is no showing of federal service of process.  *See, e.g., Benton v. Town of S. Fork & Police Dep't*, No. 12-CV-00336-CMA-KMT, 2013 WL 69189, at *2 (D. Colo. Jan. 7, 2013) (service inadequate where

"There is no indication here that Defendant Mathews has been personally served in-hand or served at his dwelling or usual place of abode so as to satisfy Fed.R.Civ.P. 4(e)(2)(A) or (B).") Leaving a summons and complaint at a residence door, unaccompanied by a refusal to accept service, is not effective service under Rule 4." *Norris v. Causey*, 869 F.3d 360, 370 (5th Cir. 2017).

> 2. There was no service under New Mexico law via Plaintiff's "conspicuous posting" method

FRCP 4(e)(1) allows for service pursuant to state law "where the district court is located or where service is made.  New Mexico Rule 1-004(f) requires service to be effectuated by one of the following methods, in the following order.  Service may be made either by (1) personal service on the defendant under Rule 1-004(F)(1)(a), or (2) mailing the process in the method described in Rule 1-004(e)(3) under Rule 1-004(F)(1)(b).  If Plaintiff attempted service through one of those methods but were unsuccessful, Plaintiff may serve Defendant by delivering a copy of the process "to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process." Rule 1-004(F)(2).

Plaintiff was not served personally under Rule 1-004(F)(1)(a).  Nor was she served via mail or commercial courier under Rule 1-004(F)(1)(b) and Rule 1-004(E)(3).   Nor was Plaintiff served by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process under  Rule 1-004(F)(2). None of these options are satisfied by Plaintiff's assertion Ms. Hamilton was served at 7971 Riviera Blvd #101, Miramar, FL 33023 by posting the summons and Complaint at a "conspicuous place" upon the premises.  See Docket No. 13.

Plaintiff asserts that a signed return of service demonstrates actual notice (Doc 115 at 7) (citing *S.E.C. v.  Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1167 (9th Cir. 2007).  However, in that case, "The SEC made a prima facie showing of valid service by providing the process server's

sworn statements that he personally served Shaw". As shown above, there was no personal service of Ms. Hamilton, only alleged the conspicuous place "posting" at Dean Hamilton Insurance company. (Doc 115 at 4 (citing pg. 50 of Doc. 1-1 and Doc 13)). The Ninth Circuit's decision in *SEC* is inapplicable. Plaintiff has not shown Ms. Hamilton was served under the "conspicuous place" posting method and regardless this posting method is not authorized under New Mexico law. *See also Benton*, 2013 WL 69189, at *2 (finding no service despite signed affidavit of service).

### 3. There was no service under New Mexico law via e-mail

Plaintiff's Opposition also relies upon the shaky proposition that as long as Plaintiff asserts that she e-mailed Ms. Hamilton at tracyann@deanhamiltoninsurance.com, this establishes service (Doc 115 at 5, 6). According to Plaintiff, because the state court authorized email service prior to removal, she has established service. This argument lacks merit because Plaintiff has not demonstrated receipt of the email. As held in *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 616CV366ORL40KRS, 2016 WL 7137699, at *3 n.1 (M.D. Fla. Nov. 29, 2016):

> The Court is unlikely to grant a Clerk's default or a default judgment without **evidence that the e-mails were actually received by Sang Min** or briefing that explains, with citations to case law, why the entry of a Clerk's default or a default judgment is appropriate in the absence of evidence that e-mail service was actually received.

*Id.* (emphasis added). *See also Gupta v. Morgan Stanley Smith Barney, LLC*, No. 17 C 8375, 2018 WL 2130434, at *3 (N.D. Ill. May 9, 2018) ("The Court respectfully disagrees with those courts that conclude that an affidavit in which the plaintiff denies receiving a mailing cannot create an issue of fact; that would be tantamount to making a rebuttable presumption irrebuttable.")

Plaintiff asserts that "Alternative service by email was authorized and completed in this case on Defendant". Demonstrating her lack of confidence in her evidence of receipt of emailing, Plaintiff makes endless citations to documents relating to e-mailing (Doc 115 at 3) without providing any context, so Defendant will provide context here:

| Plaintiff's alleged evidence of e-mail service | Defendant clarification |
|---|---|
| See Plaintiff's Motion with Exhibits in support at pages 44-52 of Doc. 1-1 filed on 9/28/18. (Doc 115 at 3) | This was Plaintiff's motion for alternative service via email that was filed in state court |
| See the Order Authorizing Alternate Service of Process at pages 60-61 of Doc. 1-1. (Doc 115 at 3) | This was the order granting Plaintiff's for alternative service via email |
| See Doc. 13 filed on 10/25/18. (Doc 115 at 3) | This document states nothing about email service. |
| See Doc. 20 filed in this case on 12/02/18. (Opp. at 3) | These are the alleged mails to Hamilton sent by Plaintiff counsel to tracyann@deanhamiltoninsurance.com |
| See the Certificate of Service at page 9 of Doc. 25 filed on 01/08/19. (Doc 115 at 3) | This is just an attestation that Plaintiff was allegedly served at tracyann@deanhamiltoninsurance.com |
| See the Certificate of Service at page 2 of Doc. 27 filed on 01/26/19. (Doc 115 at 3) | This is just an attestation that Plaintiff was alleged served at tracyann@deanhamiltoninsurance.com |
| See also the Certificate of Notice at Doc. 31 filed on 02/06/19. Opp. at 3) | This is just an attestation that Plaintiff was allegedly served at tracyann@deanhamiltoninsurance.com |

Plaintiff also asserts that "page 22 of Doc. 11 filed on 10/17/18 setting forth, under oath by Agentra's Vice-President, the location and contact information Agentra and Defendant used with each other including ("the email address"): tracyann@deanhamiltoninsurance.com." (Doc 115 at 4) However, this is merely a declaration that attests to a "digital signature" and email address of Ms. Hamilton after she no longer worked for Mr. Shapiro. (Hamilton Reply Decl[1]. ¶ 12 & Ex. A.) Plaintiff has not met her burden to demonstrate that Ms. Hamilton actually received her lawyer's e-mails to tracyann@deanhamiltoninsurance.com and therefore had notice of the lawsuit. In fact, tracyann@deanhamiltoninsurance.com was an inactive email and tracy@deanhamiltoninsurance.com was the active one. (Hamilton Reply Decl. ¶ 19)

---

[1] Hamilton may submit a reply declaration. *Beaird v. Seagate Tech, Inc.*, 145 F.3d 1159, 1165 (10th Cir.1998); *James v. W. Valley City*, No. 2:16-CV-00752-DN, 2018 WL 1474245, at *7 (D. Utah Mar. 23, 2018).

Ms. Hamilton denies receiving these emails. (Hamilton Reply Decl. ¶ 20)

### C. Plaintiff has not demonstrated actual notice

Plaintiff has cited no authority for the proposition that regardless of proper service, "actual notice" (Doc 115 at 7) is sufficient for 60(b)(4). Even if it were shown that a defendant had actual notice of the suit, such notice is no barrier to a motion to vacate under Rule 60(b)(4) because "[a] defendant is always free to ignore [a] judicial proceedings, risk a default judgment, and then challenge that judgment ... under Rule 60(b)(4)." *Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.*, No. 17CIV5553LGSGWG, 2020 WL 4497160, at *4 (S.D.N.Y. Aug. 5, 2020), *report and recommendation adopted*, No. 17 CIV. 5553 (LGS), 2020 WL 7093592 (S.D.N.Y. Dec. 4, 2020), (citing *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008) (internal quotation marks and citations omitted). Regardless, Ms. Hamilton will address Plaintiff's "actual notice" assertions below.

#### 1. There was no "actual notice" by serving Ms. Hamilton at the Riveria address

Rather than demonstrate Ms. Hamilton received actual notice at the Riveria address, Plaintiff tries to have public filings do the work for her (Doc 115 and Exhs 2-16 thereto). This very type of argument was rejected in *Supreme Fuels Trading FZE v. Sargeant*, No. 08-81215-CIV, 2009 WL 5128504, at *3 (S.D. Fla. Dec. 18, 2009):

> Supreme attempts to rebut Abu–Naba'a's declaration by showing that Abu–Naba'a claimed in a public filing in Jordan that Florida is his domicile. **But the evidence of a public filing does not overcome the strong evidence,** in the form of a declaration given under the penalty of perjury, that Abu–Naba'a has never lived at the condominium. Given the record evidence before it, the court finds that the condomium in Bayshore, Florida was not Abu–Naba'a's usual place of abode, and therefore service of process could not have properly been effected there under Rule 4(e)(2)(B).

*Id.* (emphasis added). As explained by the declaration of Ms. Hamilton's office manager, the placement of the Riveria address on public filings was simply a clerical error. See Declaration of Doniece Foster, ¶¶ 6-8; Hamilton Reply Decl. ¶ 13.

With respect to the April 21, 2021 Consent Order signed by Ms. Hamilton, although the Riveria address is set forth under Ms. Hamilton's signature, a different address is set forth on the proof of service of the same document:

```
Copies Furnished To:

TRACYHAM@GMAIL.COM

Tracyann Nicole Hamilton
5475 NW Saint James Drive
Unit 234
Port St Lucie, FL  34983
```

The 5475 NW Saint James Drive Unit 234, Port St Lucie, FL 34983 address was Plaintiff's mailing address. (Hamilton Reply Decl. ¶ 24)  The Tracyham@gmail.com is Ms. Hamilton's personal email.  (Hamilton Reply Decl. ¶ 23)

Moreover, per Plaintiff's own request for alternative service, Ms. Hamilton was not reachable at the Riveria address:

> 8/14 @ 11:12 am Dean Hamilton Insurance company at this location Tracy not in maybe in after 2 pm but not sure she has no set time. 8/14 @ 2:15 pm Not in. 8/15 @ 10:58 am- Locked. Ring doorbell by front door, spoke to female through the ringdoor bell device stated Tracy is on vacation won't be back until after Monday. 8/21 @ 10:17 am - Spoke to another employee who state Tracy was terminated months ago, when ask why did someone else claim she's on vacation he basically stated that was a new employee. 8/21 @ 10:53 am - Per sales person claims that they are all 1099's employees and Tracy never comes in. 8/24 @ 1:23 pm - Posted

(Doc 1-1 at 50)

Per *Supreme Fuels*, Plaintiff fails to meet her burden to establish actual notice.

**2.    There was no actual notice via Agentra's letter to Hamilton**

Plaintiff also claims that co-defendant Agentra gave Ms. Hamilton actual notice of this lawsuit via its May 21, 2019 letter to her. (Doc 115 at 4 citing 93-3)  This letter is addressed to a 1451 W Cypress Creek Rd address in Fort Lauderdale FL, 33309-1969.  However, Ms. Hamilton never lived there and it was never her business address.  (Hamilton Reply Decl. ¶¶ 15-16)

**3.    There was no actual notice via email**

When there is no accompanying documentation (i.e., a delivery receipt or read receipt) for

an email, this argues against a finding of actual notice. *Gross v. Stufflebean*, No. 322CV00195RBMDEB, 2022 WL 1787095, at *3–4 (S.D. Cal. June 1, 2022). As shown above, Plaintiff has not demonstrated e-mail service.

### D. Plaintiff's assertions of prejudice lack merit

Plaintiff's assertion of prejudice (Doc 115 at 11-14) is irrelevant merit as relief pursuant to 60(b)(4) is mandatory.

### E. Plaintiff's "just terms" should be rejected

The Court should exercise its discretion and deny Plaintiff's request for "just terms". As explained by Wright & Miller,

> Relief from a judgment is to be on "just terms." Thus the court, in addition to its general discretion whether to reopen a judgment, has further discretion to impose those conditions it deems fit, with the moving party then having the choice either of complying with the conditions or allowing the judgment to stand. The conditions are within the court's power so long as they are a reasonable exercise of discretion.

*Powers v. Violet Energy, Inc.*, No. 3:19-CV-284-JR, 2020 WL 4220104, at *5 (D. Or. July 23, 2020) (citing 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2857 (3d ed.))  Plaintiff requests that attorneys fees and costs of Plaintiff in obtaining the default judgment and that the funds garnished should be submitted to this Court's registry. Ms. Hamilton is an unemployed single mother, and does not possess the wherewithal to incur such financial expense. (Reply Hamilton Decl. ¶ 26)  The return of any garnished funds to Ms. Hamilton would satisfy due process, particularly as the beneficiary of the TD Ameritrade account are her children. (Reply Hamilton Decl. ¶ 27)  The Court should exercise its discretion and decline to impose these Plaintiff's onerous "just terms."

### F. Request for Evidentiary Hearing and Oral Argument

Ms. Hamilton asserts that given the factual disputes at issue, an evidentiary hearing is

necessary. *See, e.g., Weifang Xinli Plastic Prod. Co. v. JBM Trading Inc.*, 553 F. App'x 42, 44 (2d Cir. 2014) ("We note, without deciding, that the district court may need to conduct an evidentiary hearing to aid its determination of the disputed facts regarding service of process.") Ms. Hamilton also requests oral argument.

**III.   CONCLUSION**

Plaintiff's Opposition fails to demonstrate Ms. Hamilton was properly served or otherwise had actual notice. The default judgment against her is therefore void and should be set aside.

September 7, 2022                         /s/ David J. Kaminski
                                          David J. Kaminski
                                          Carlson & Messer LLP
                                          5901 W. Century Blvd., #1200
                                          Los Angeles, CA 90045
                                          kaminskid@cmtlaw.com
                                          (310) 242-2200
                                          Attorney for Defendant
                                          TRACYANN NICOLE HAMILTON

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2022, a true and correct copy of Defendant TracyAnn Nicole Hamilton's **REPLY IN SUPPORT OF DEFENDANT TRACYANN NICOLE HAMILTON'S MOTION TO SET ASIDE DEFAULT JUDGMENT** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

   /s/ David J. Kaminski
David J. Kaminski
Attorney for Defendant
TRACYANN NICOLE
HAMILTON