**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BARBARA MOHON,

    Plaintiff,

v.                                                            No. 1:18-cv-00915-MIS-SCY

AGENTRA LLC; TRACYANN NICOLE
HAMILTON; and Jane Does 1-10,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO SET ASIDE DEFAULT JUDGMENT**

THIS MATTER is before the Court on "Motion and Memorandum of Law in Support of Defendant Tracyann Nicole Hamilton's Motion to Set Aside Default Judgment" [ECF No. 113], filed August 11, 2022, by Defendant TracyAnn Nicole Hamilton ("Defendant Hamilton"). Plaintiff Barbara Mohon ("Plaintiff") responded, and Defendant Hamilton replied. ECF Nos. 115, 116. The Court, having considered the parties' submissions, the record, and the relevant law,[1] finds that the Motion is well-taken and should be **GRANTED**.

**BACKGROUND**

On August 1, 2018, Plaintiff filed this action in New Mexico state court against Agentra LLC, Tracyann Nicole Hamilton, and Jane Does 1-10 alleging violations of (i) the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 *et seq.*; (ii) nuisance, trespass to chattels, and a civil conspiracy under New Mexico common law;

---

[1] The Court determines that this matter is suitable for disposition without oral argument or an evidentiary hearing, contrary to Defendant Hamilton's request. ECF 116 at 9–10; D.N.M.LR-Civ. 7.6(a).

and (iii) Section 22 of the New Mexico Unfair Practices Act, N.M. Stat. Ann. § 57-12-22 (1978). ECF No. 1-1 at 20–36. Specifically, Plaintiff alleges Defendants operated and profited from "a massive, nationwide robo-calling conspiracy designed to sell a type of discounted medical benefit plan" in violation of the law. *Id.* at 23. According to Plaintiff, Defendant Hamilton acted as an insurance broker and telemarketer on behalf of Defendant Agentra LLC, an insurance brokerage agency. *See id.* at 25, 29.

On August 2, 2018, a state court summons was issued for Defendant Hamilton at 7971 Riviera Blvd., Apt. #101, Miramar, FL 33023 ("Riviera Blvd. address"), a business address allegedly associated with Defendant Hamilton. *Id.* at 40–41, 45. However, Plaintiff filed a motion on September 9, 2018, for alternative service of process on Defendant Hamilton, arguing that she was evading service of process at the aforementioned location. *Id.* at 44. In support, Plaintiff attached the invoice and affidavit of the professional process server hired to serve process on Defendant Hamilton. *Id.* The affidavit by the process server states:

> Received by Aallen Bryant & Associates, Inc. on the 13th day of August, 2018 at 4:00 pm to be served on Tracyann Nicole Hamilton, 7971 Riviera Blvd #101, Miramar, FL 33023.
>
> I, Hector Castro, being duly sworn, depose and say that on the 24th day of August, 2018 at 1:23 pm, I:
>
> Posted by attaching a true copy of this Summons; Request for Jury; Complaint for Violations of The Telephone Consumer Protection Act, The Unfair Practices Act and Torts with the date and hour of service endorsed thereon by me, to a conspicuous place on the property described.
>
> Additional Information pertaining to this Service:
>
> Posted per client instruction

2

> 8/14 @ 11:12 am Dean Hamilton Insurance company at this location Tracy not in maybe in after 2 pm but not sure she has no set time. 8/14 @ 2:15 pm Not in. 8/15 @ 10:58 am- Locked. Ring doorbell by front door, spoke to female through the ringdoor bell device stated Tracy is on vacation won't be back until after Monday. 8/21 @ 10:17 am - Spoke to another employee who state Tracy was terminated months ago, when ask why did someone else claim she's on vacation he basically stated that was a new employee. 8/21 @ 10:53 am – Per sales person claims that they are all 1099's employees and Tracy never comes in. 8/24 @ 1:23pm - Posted.

*Id.* at 50 (reference to [sic] omitted). Plaintiff elaborated that the process server "must speak to the occupants of the business location . . . through an intercom system at the door" because "they will allow no other access." *Id.* at 44–45.

Additionally, Plaintiff maintained that public records from the State of Florida confirmed that Defendant Hamilton was a licensed insurance broker with a business location of "Miramar, Florida." *Id.* at 45, 51. Further, Plaintiff attached additional public records from the State of Florida that indicated Defendant Hamilton was the "owner" of "Dean-Hamilton Insurance, LLC." *Id.* at 52. The document listed Dean-Hamilton Insurance, LLC's current principal place of business as the Riviera Blvd. address and was electronically signed by Defendant Hamilton on January 10, 2018. *Id.*

As such, Plaintiff requested the following alternate method of service of process be permitted:

> 1. The process server shall make another attempt at personal service or hand-delivery of the Summons and Complaint in this matter on Defendant Tracyann Nicole Hamilton at 7971 Riviera Blvd #101 in Miramar, Florida. If personal service is unsuccessful the process server shall leave the process with or hand the process to any person who appears to be in charge at 7971 Riviera Blvd #101 in Miramar, Florida, along with a copy of Plaintiff's Motion for Alternative Service and the Court's Order Authorizing Alternative Service of Process. If

> the process server is unable to leave the process with or hand the process to any person who appears to be in charge at 7971 Rivera Blvd #101 in Miramar, Florida, the process server shall post the Summons and Complaint in this matter on a conspicuous place at the property, along with a copy of Plaintiff's Motion for Alternate Service and the Court's Order Authorizing Alternate Service of Process.
>
> 2. Plaintiff's attorney shall also email the Summons, Plaintiff's Complaint, Plaintiff's Motion for Alternate Service of Process and the Court's Order Authorizing Alternate Service of Process, on two (2) separate occasions on two (2) separate days, to: Tracyann@deanhamiltoninsurance.com[.] Plaintiff's attorney shall thereafter file a Certificate of Service.

*Id.* at 46. Plaintiff argued that Defendant Hamilton would receive actual notice of emails directed to "tracyann@deanhamiltoninsurance.com" since Plaintiff received an email on July 23, 2018, on which this email address was carbon copied. *Id.* at 35, 45.

On September 14, 2018, the state court granted the motion and found that "[b]ased on the exhibits and attachments to the motion . . . substantial evidence [demonstrates] that Defendant's place of business is 7971 Riviera Blvd #101 in Miramar, Florida but she has evaded personal service of process there." *Id.* at 60. The state court held "the alternate method of service of process authorized by this Order is reasonably calculated under all the circumstances to apprise Defendant Tracyann Nicole Hamilton of the existence and pendency of this action and to afford her a reasonable opportunity to appear and defend." *Id.*

This action was then removed to federal court on September 28, 2018. ECF No. 1 at 1. The Court notes that Plaintiff did not request issuance of a federal court summons after removal. Subsequently, on October 25, 2018, an affidavit of service was entered stating:

4

> I, Hector Castro, being duly sworn, depose and say that on the 15th day of October, 2018 at 4:06 pm, I:
>
> Posted by attaching a true copy of this Summons; Request for Jury; Complaint for Violations of The Telephone Consumer Protection Act; Exhibits; The Unfair Practices Act and Torts; Motion for Alternative Service of Process on Defendant Tracy Ann Nicole Hamilton; Order Authorizing Alternate Service of Process with the date and hour of service endorsed thereon by me, to a conspicuous place on the property described.
>
> Additional Information pertaining to this Service:
>
> This was served in accordance with the Order for Alternate Service. attempted 10/4 @ 11:50 AM, no answer; attempted 10/10 @ 2:30 PM, no answer[.]

ECF No. 13 at 1. Additionally, a certificate of service was entered on December 2, 2018, to establish that Plaintiff sent two emails on two separate days to "tracyann@deanhamiltoninsurance.com" in accordance with the state court's order. ECF No. 20 at 1–3.

On January 7, 2019, Plaintiff requested the Clerk of the Court enter default against Defendant Hamilton, which the Clerk of the Court entered on January 9, 2019. ECF Nos. 24 at 1–3; 26 at 1. Plaintiff then moved for a default judgment against Defendant Hamilton only on her claims for statutory damages under the TCPA and waived the rest of her claims against Defendant Hamilton. ECF No. 25 at 2. On June 5, 2019, the Court granted Plaintiff's motion for default judgment, based on the Court's conclusion that the record established that Defendant Hamilton "defaulted for her failure to appear, answer or respond to Plaintiff's Complaint despite receiving service of process." ECF No. 39 at 1. Consequently, the Court entered default judgment in favor of Plaintiff and against Defendant Hamilton in the amount of $90,000.00, with interest. *Id.* at 2.

On August 11, 2022, Defendant Hamilton, claiming that she had no prior knowledge of the lawsuit, filed the underlying Motion to set aside the default judgment according to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure. ECF No. 113. Plaintiff responded, and Defendant Hamilton replied. ECF Nos. 115, 116.

## PARTIES' ARGUMENTS

Defendant Hamilton argues Plaintiff's default judgment is void and offends due process as she was not properly served. ECF No. 113 at 3. Specifically, Defendant Hamilton contends she did not receive actual notice of the lawsuit and default judgment until on or about July 11, 2022, when she learned her TD Ameritrade account had been garnished by Plaintiff to satisfy the default judgment. ECF No. 113-1 at 1–2. Further, Defendant Hamilton states that she has not worked at the Riviera Blvd. address since 2017 and has never resided at the Riviera Blvd. address. *Id.* at 1. As such, Defendant Hamilton argues there was no proper service under either federal or New Mexico law. ECF No. 113 at 3–4.

Plaintiff, however, argues Defendant Hamilton was adequately served, both via email and at her business address, and she had actual knowledge of the summons and complaint prior to entry of judgment. ECF No. 115 at 3. Additionally, Plaintiff rebuts Defendant Hamilton's contention that she has not worked at the Riviera Blvd. address since 2017. *Id.* at 7. Plaintiff references from the record and attaches as exhibits multiple documents, including public records from the State of Florida, that indicate from 2017 to 2022 the Riviera Blvd. address was Defendant Hamilton's business address. ECF Nos. 11 at 22; 115-1 at 5; 115-2 at 1; 115-3 at 2, 4; 115-4 at 2–3, 5; 115-5 at 1; 115-6 at 1; 115-7 at 1; 115-8 at 1–2; 115-9 at 1; 115-10 at 3; 115-11 at 2; 115-12 at 1; 115-13 at 1;

6

115-14 at 1; 115-15 at 1; 115-16 at 8. Many of these documents list Defendant Hamilton as the "owner" and registered agent of "Dean-Hamilton Insurance, LLC" and "Dean-Hamilton Socioeconomic Development, Corp." with a principal place of business at the Riviera Blvd. address and are signed by Defendant Hamilton. Further, Plaintiff furnishes documents to suggest "tracyann@deanhamiltoninsurance.com" was Defendant Hamilton's email address. ECF Nos. 1 at 35; 11 at 22.

In rebuttal, Defendant Hamilton provides affidavits that state the placement of the Riviera Blvd. address on public filings was a clerical error and that her business no longer operated at that location by early 2018. ECF Nos. 116 at 6–7; 116-1 at 2–4; 116-4 at 1–2. Further, Defendant Hamilton argues Plaintiff fails to demonstrate receipt of any emails sent to "tracyann@deanhamiltoninsurance.com" and that this email address was inactive on November 30, 2018 and December 2, 2018, when Plaintiff emailed the state court summons and complaint. ECF Nos. 116 at 6, 8–9; 116-1 at 3.

## LEGAL STANDARD

Default judgments are generally disfavored in light of the objective that "every effort should be made to try cases on their merits." *Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp.*, 837 F.2d 423, 426 (10th Cir. 1998). Under Federal Rule of Civil Procedure 55(c), a district court "may set aside a final default judgment under Rule 60(b)." Federal Rule of Civil Procedure 60(b)(4) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [if] . . . the judgment is void . . . ."

A final judgment is void under Federal Rule of Civil Procedure 60(b)(4) only "where [the] judgment is premised either on a certain type of jurisdictional error or on a violation

of due process that deprives a party of notice or the opportunity to be heard." *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). The right to relief from a void judgment is mandatory. *V. T. A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n.8 (10th Cir. 1979). And, unlike its counterparts, Federal Rule of Civil Procedure 60(b)(4) is not subject to time limitations, nor does the moving party need to establish a meritorious defense. *Id.* at 224; *Covington Indus., Inc. v. Resintex A. G.*, 629 F.2d 730, 733 n.3 (2d Cir. 1980).

For example, a judgment is void and must be set aside if there is no personal jurisdiction over the defendant. *Myzer v. Bush*, 750 F. App'x 644, 648 (10th Cir. 2018). A court lacks personal jurisdiction over a defendant if there is insufficient service of process. *Emps. Reinsurance Corp. v. Bryant*, 299 U.S. 374, 376 (1937). Federal Rule of Civil Procedure 4 governs service of process and "provides the mechanism by which a court . . . asserts jurisdiction over the person of the party served." *Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992). Unless service is waived, proof of service must be made to the court. Fed. R. Civ. P. 4(l). Thus, "a judgment entered without notice or service is constitutionally infirm." *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84 (1988).

## DISCUSSION

The Court addresses Defendant Hamilton's argument that the final judgment is void pursuant to Federal Rule of Civil Procedure 60(b)(4). For the Court to have proper personal jurisdiction over Defendant Hamilton, Plaintiff must have followed the edicts of Federal Rule of Civil Procedure 4 and due process.

As an initial matter, Federal Rule of Civil Procedure 4(a) requires the summons to have the Court's name, the Clerk of the Court's signature, the Court's seal, and the time

within which the defendant must appear and defend. Fed. R. Civ. P. 4(a)(1)(A), (D), (F)–(G). The summons that Plaintiff attempted to serve on Defendant Hamilton after removal does not satisfy those requirements. ECF Nos. 13 at 2; 20 at 2–3. Rather, Plaintiff used the state court summons instead of requesting and serving a federal one. The state court summons has the state court's name and seal, the state Clerk of Court's signature, and indicates the time under New Mexico law within which a defendant must appear and defend. *Compare* N.M. Dist. Ct. R. Civ. P. 1-012(A) ("A defendant shall serve his answer within thirty (30) days after the service of the summons and complaint upon him.") *with* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint . . . ."). Additionally, a state court summons becomes null and void once a case is removed to federal court. *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967); *Ibarra v. City of Clovis*, No. 4-cv-1253, 2005 WL 8163456, at *2 (D.N.M. Dec. 14, 2005). Thus, the use of the state court summons by Plaintiff after removal was ineffective per Federal Rule of Civil Procedure 4(a).

Next, the Court determines whether service of process itself was proper. Federal Rule of Civil Procedure 4(e)(2) states that service on an individual may be accomplished by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

9

Alternatively, Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." As Plaintiff does not assert that service of process was effectuated according to Federal Rule of Civil Procedure 4(e)(2), the Court determines whether process was made according to New Mexico law.

New Mexico law lays out a hierarchy of methods for service of process on an individual. N.M. Dist. Ct. R. Civ. P. 1-004(F) comm. commentary ("A hierarchy of methods of service has been established. In some cases, a listed method of service cannot be used until other methods of service are attempted unsuccessfully."). First, New Mexico Rule of Civil Procedure 1-004(F)(1)(a) requires service to be attempted on the individual personally. N.M. Dist. Ct. R. Civ. P. 1-004(F)(1)(a)("Personal service of process shall be made . . . to the individual personally; or if the individual refuses to accept service, by leaving the process at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service . . . ."). Additionally, New Mexico Rule of Civil Procedure 1-004(F)(1)(b) allows service of process "by mail or commercial courier service as provided in" New Mexico Rule of Civil Procedure 1-004(E)(3).[2]

Next, New Mexico Rule of Civil Procedure 1-004(F)(2) requires service to be made on "some person residing at the usual place of abode of the defendant who is over the

---

[2] New Mexico Rule of Civil Procedure 1-004(E)(3) permits for service by mail "provided that the envelope is addressed to the named defendant" and "the defendant or a person authorized by appointment . . . to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint . . . ."

age of fifteen" and for service to be sent by first class mail to "the defendant's last known mailing address." Only after service of process is attempted by New Mexico Rule of Civil Procedure 1-004(F)(1) and (F)(2), may (F)(3) be invoked. New Mexico Rule of Civil Procedure 1-004(F)(3) permits a copy of the process to be delivered to the defendant's "actual place of business or employment . . . to the person apparently in charge" and for service to be mailed "to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment."

Plaintiffs' process server did not attempt to personally serve Defendant Hamilton or to serve some person at Defendant Hamilton's home address. *See* N.M. Dist. Ct. R. Civ. P. 1-004(F)(1)–(2). Nor does the record reflect that the summons and complaint were mailed to Defendant Hamilton at her home address, the Riviera Blvd. address, or any other address. Pursuant to New Mexico Rule of Civil Procedure 1-004(F)(3), only if a plaintiff attempts service personally or at the defendant's residence may the plaintiff serve the defendant at their actual place of business. *See, e.g.*, *Diaz v. United States Att'y Gen. Off.*, No. 14-cv-1086, 2015 WL 13307288, at *3 (D.N.M. Aug. 4, 2015); *Bodenner v. Martin*, No. 12-cv-601, 2012 WL 12845649, at *7 (D.N.M. Nov. 30, 2012); *Bagley v. Costa*, No. 6-cv-1101, 2007 WL 9734851, at *1 (D.N.M. Feb. 8, 2007); *Edmonds v. Martinez*, 215 P.3d 62, 66 (N.M. Ct. App. 2009); *Ortiz v. Shaw*, 193 P.3d 605, 610–11 (N.M. Ct. App. 2008). Irrespective of whether the Riviera Blvd. address was Defendant Hamilton's actual place of business, Plaintiff failed to comply with the prescribed hierarchy set forth in New Mexico Rule of Civil Procedure 1-004(F).

Nevertheless, the state court granted Plaintiff leave to effectuate alternative service of process on Defendant Hamilton. ECF No. 1-1 at 60. New Mexico Rule of Civil

Procedure 1-004(J) provides that, where it has been shown by affidavit that service cannot otherwise be reasonably made under New Mexico Rule of Civil Procedure 1-004, a moving party may seek leave of the court to effect service "by any method or combination of methods . . . that is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend." Accordingly, a party requesting service on an individual by unconventional methods must demonstrate that the hierarchy outlined in New Mexico Rule of Civil Procedure 1-004(F) was followed diligently, although their attempts were unsuccessful. *Soto v. Vill. of Milan Police Dep't*, No. 10-cv-43, 2010 WL 11619168, at *2 (D.N.M. Sept. 17, 2010); *Martinez v. Segovia*, 62 P.3d 331, 338 (N.M. Ct. App. 2002).

Plaintiff's motion in state court and accompanying affidavit by the process server for alternative service of process failed to establish that process could not otherwise be reasonably made under Rule 1-004(F). First, Plaintiff did not allege any attempt to serve Defendant Hamilton personally or by mail as required by New Mexico Rule of Civil Procedure 1-004(F)(1). Nor did Plaintiff allege that any such attempts would be unsuccessful. Second, Plaintiff did not allege any attempt to serve Defendant Hamilton at her home address or mail the summons and complaint to Defendant Hamilton's last known mailing address as required by New Mexico Rule of Civil Procedure 1-004(F)(2). Nor did Plaintiff allege that Defendant Hamilton's home address was unascertainable. *See, e.g.*, *Ellis v. United States*, No. 20-cv-971, 2021 WL 1999492, at *2 (D.N.M. May 19, 2021). Finally, Plaintiff did not allege any attempt for service to be mailed to Defendant Hamilton at her last known mailing address and actual place of business as required by

New Mexico Rule of Civil Procedure 1-004(F)(3). Nor did Plaintiff allege that doing so would be unfeasible. Accordingly, Plaintiff's motion in state court and accompanying affidavit did not make the requisite showing to authorize alternative methods of service under New Mexico Rule of Civil Procedure 1-004(J).

After removal of an action from state court, the federal court may redetermine the propriety of state-court orders concerning the sufficiency of process. 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3738 (4th ed.). A federal court is free to reconsider a state court order and treat the order as it would any interlocutory order it might itself have entered. *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1303–04 (5th Cir. 1988). In light of this and the Court's determination that Plaintiff's motion in the state court did not establish the requisite showing under New Mexico Rule of Civil Procedure 1-004(J), the Court finds that the alternate service of process on Defendant Hamilton failed to comport with New Mexico law and due process. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314–15 (1950); *Edmonds*, 215 P.3d at 67.

Lastly, in New Mexico, actual notice of service is not a substitute for service of process on an individual in accordance with New Mexico Rule of Civil Procedure 1–004(F). *Exec. Consulting, Inc. v. Kilmer*, 931 F. Supp. 2d 1139, 1141 (D.N.M. 2013); *Trujillo v. Goodwin*, 116 P.3d 839, 841 (N.M. Ct. App. 2005).

In sum, the Court determines the summons and service of process on Defendant Hamilton was ineffective, and thus there was no personal jurisdiction over her. Accordingly, the final judgment is void under Federal Rule of Civil Procedure 60(b)(4).

## CONCLUSION

For the foregoing reasons, it is **HEREBY ORDERED** that "Motion and Memorandum of Law in Support of Defendant Tracyann Nicole Hamilton's Motion to Set Aside Default Judgment" [ECF No. 113] is **GRANTED**.

It is **FURTHER ORDERED** that "Clerk's Entry of Default" [ECF No. 26] and "Default Judgment Against Defendant Tracyann Nicole Hamilton" [ECF No. 39] **SHALL** be set aside. Defendant Hamilton **SHALL** be permitted to participate in this case free of default judgment against her.

*Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE